UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 KERN, CARLTON, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class MICAH S. ROCHET
 United States Army, Appellant

 ARMY 20100732

 Headquarters, Fort Carson
 Mark Bridges, Military Judge
 Colonel Randy T. Kirkvold, Staff Judge Advocate (pretrial)
 Major Jeffrey S. Thurnher, Acting Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R.
Kesler, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee: Colonel Michael Mulligan, JA; Major Amber Williams, JA;
Captain Kenneth W. Borgnino, JA; Captain Christopher L. Simons, JA (on
brief).

 29 July 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of absence without leave and possession
of child pornography, in violation of Articles 86 and 134, Uniform Code of
Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 866 and 934 (2008). The
military judge sentenced appellant to reduction to E1, confinement for
eleven months, and a bad conduct discharge. The convening authority
approved the sentence as adjudged.

 On appeal, appellant raised a single assignment of error regarding the
possession of child pornography specification of which he was convicted.[1]
 That specification alleged appellant knowingly and wrongfully possessed a
laptop computer containing [numerous] images and files of child
pornography. The stipulation of fact, admitted into evidence pursuant to
appellant’s guilty plea, indicates that there were 78 images and 9 videos
on the laptop computer of apparent minors engaging in sexually explicit
conduct. Appellant now takes issue with one image, which was listed as a
representative example within the specification:
9yo_nude_preteen_girlrealkiddymov preteen lolita ddoggpornincest sister
daddy kiddy little girl teen kiddie underage qwerty child porn illegal rape
dad.jpg. The image under this file name depicted a topless young girl
wearing a swimsuit bottom in a pose that appellant argues is not sexual.

 We review a military judge’s decision to accept a plea of guilty “for
an abuse of discretion and questions of law arising from the guilty plea de
novo.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). A
guilty plea will be set aside on appeal only if an appellant can show a
substantial basis in law or fact to question the plea. Id. (citing United
States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991)). The Court applies this
“substantial basis” test by determining whether the record raises a
substantial question about the factual basis of appellant’s guilty plea or
the law underpinning the plea. Id. See Article 45, UCMJ; Rule for Court-
Martial 910(e).

 During the providence inquiry, the military judge clarified and
appellant affirmed his understanding that Specification 1 of Charge II and
his plea of guilty to that specification were for many more images and
videos than just the file names listed in the specification. Appellant
affirmed that the file names listed in the specification were just some
examples. Of the numerous images and videos contained on the laptop for
which the appellant was charged, appellant contests only the one JPG image
as not constituting child pornography and argues that the military judge
failed to question the appellant on his belief as to why that particular
image constituted child pornography. Our review also finds the military
judge failed to question the appellant as to why that particular image
constituted child pornography. Therefore we find the military judge’s
inquiry factually deficient.

 The court affirms only so much of the finding of Specification 1 of
Charge II as finds the appellant did, between on or about 1 January 2009
and on or about 21 May 2009, at Fort Carson, Colorado, knowingly and
wrongfully possess an HP Laptop Computer, SN: 2CE848178S, containing images
and video(s) files of child pornography, including: 9yo littlegirl
displays her sweet yng cunt – PART2 – Pussy licking now (2min7sec)(Orig
duogil l)-real kiddymov Lolita preteen young incest kiddie porno.sex xxx
ddoggprn.mpg, which conduct was prejudicial to good order and discipline or
of a nature likely to bring discredit upon the armed forces. The remaining
findings of guilty are affirmed.

 Reassessing the sentence on the basis of the error noted, the entire
record, and in accordance with the principles of United States v. Sales, 22
M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63 M.J 40 (C.A.A.F
2006), to include the factors identified by Judge Baker in his concurring
opinion, the court affirms the sentence as approved by the convening
authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] Appellant assigned the following error: THE MILITARY JUDGE ABUSED HIS
DISCRETION IN ACCEPTING APPELLANT’S GUILTY PLEA IN FULL BECAUSE THE “JPG”
IMAGE ALLEGED IN SPECIFICATION 1 OF CHARGE II DID NOT CONTAIN CHILD
PORNOGRAPHY.