# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, BERG, and YOB
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 RYAN D. PAGE**
**United States Army, Appellant**

ARMY 20100083

Headquarters, United States Army Medical Department Center & School and Fort Sam Houston
Gregory Gross, Military Judge
Colonel Marian Amrein, Staff Judge Advocate (pre-trial and SJAR)
Lieutenant Colonel Randolf Swansiger, Staff Judge Advocate (addendum)

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Peter Kageleiry, Jr., JA; Captain Tiffany K. Dewell, JA (on brief).

For Appellee:  Colonel Michael E. Mulligan, JA; Major Amber Williams, JA; Major LaJohnne A. White, JA; Captain Christopher B. Witwer, JA (on brief).

28 October 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of desertion and possession of child pornography, in violation of Articles 85 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 934 (2008) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of $964.00 pay per month for twelve months, and reduction to E1.  The convening authority approved the sentence as adjudged.

On appeal, appellant raised three assignments of error.  Two of the three assignments of error concern the possession of child pornography specification and

merit discussion.[*]  That specification alleged appellant knowingly possessed a laptop computer:

> containing 353 images of child pornography in violation of §18 U.S.C. 2252A, including /$RQV7GP6.jpg, /5319588yYq.jpg, /6974826abQ.jpg, bbrd9.bmp, bbrd3.bmp, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

The stipulation of fact, admitted into evidence pursuant to appellant's guilty plea, indicates that there were 353 pictures, and "[m]any of the pictures are lascivious in nature."  An enclosure to the stipulation of fact is a CD copy of the images taken from the appellant's computer.  Appellant now takes issue with the sufficiency of the providence inquiry and the evidence in the record to support the possession of child pornography specification.

We review a military judge's decision to accept a plea of guilty "for an abuse of discretion and questions of law arising from the guilty plea de novo."  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  A guilty plea will be set aside on appeal only if an appellant can show a substantial basis in law or fact to question the plea.  *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).  The Court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea.  *Id.*  *See* Article 45, UCMJ; Rule for Courts-Martial 910(e).

During the providence inquiry, the military judge defined child pornography pursuant to §18 U.S.C. 2252A, and the appellant admitted to possessing images meeting that definition.  From our review of the record, including the enclosure to

---

[*] ASSIGNMENT OF ERROR I:  WHETHER A SUBSTANTIAL BASIS IN LAW OR FACT EXISTS TO QUESTION APPELLANT'S PLEA OF GUILTY TO POSSESSION OF CHILD PORNOGRAPHY WHERE THE ONLY SUPPORT THAT APPELLANT POSSESSED IMAGES DEPICTING SEXUALLY EXPLICIT CONDUCT, INCLUDING LASCIVIOUS EXHIBITIONS OF THE GENITALS OR PUBIC AREA, ARE THE IMAGES ATTACHED AS ENCLOSURE 4 [USACIL CD copy of the images taken from accused's computer] TO PROSECUTION EXHIBIT 1, THE STIPULATION OF FACT[?]

ASSIGNMENT OF ERROR II:  WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY ACCEPTING APPLLANT'S PLEA OF GUILTY TO SPECIFICATION 1 OF CHARGE II (POSSESSION OF 353 IMAGES OF CHILD PORNOGRAPHY), WHEN THE IMAGES AT ISSUE, ATTACHED AS ENCLOSURE 4 TO THE STIPULATION OF FACT, SET UP A MATTER INCONSISTENT WITH THE PLEA THAT THE MILITARY JUDGE DID NOT RESOLVE?

the stipulation of fact containing images the appellant acknowledged as child pornography, it is clear that many of the images meet the definition of child pornography under §18 U.S.C. 2252A. For example, two of the image files named in the specification "/$RQV7GP6.jpg" and "/5319588yYq.jpg" clearly constitute child pornography. The image under the file name "/$RQV7GP6.jpg" depicts a young boy on a bed with his legs spread and his genitals exposed, and the image under the file name "/5319588yYq.jpg" depicts two young naked boys fondling each other in a shower, one with genitals exposed. We therefore find no substantial basis in law or fact to overturn the plea of guilty to possession of child pornography.

We also find, however, that there is a substantial question as to the exact number of images of child pornography that the appellant possessed. Upon our review of the record, we find that although many of the images meet the statutory definition of child pornography, a significant number of the images do not. Three of the images listed in the specification; "/6974826abQ.jpg," "bbrd9.bmp," and "bbrd3.bmp" are particularly questionable. Image "/6974826abQ.jpg" depicts two young male children at a computer desk wearing diapers with their bare upper bodies exposed. Files "bbrd9.bmp" and "bbrd3.bmp" in the CD enclosure to the stipulation of fact were corrupted files and not visible or described elsewhere in the record. Because these images do not clearly constitute child pornography, we determine that the finding was factually deficient with regards to the number of images and thus, we strike the files named in the specification that are questionable and reduce the number of images in the specification from 353 to "more than three images."

The court affirms only so much of the finding of guilty of Specification 1 of Charge II as finds that the appellant did, on or about 20 March 2008, at Fort Sam Houston, Texas, land owned by the United States Government, knowingly possess a Hewlett Packard laptop computer, serial number CNF73673WJ, containing more than three images of child pornography in violation of 18 U.S.C. §2252A, including: /$RQV7GP6.jpg, /5319588yYq.jpg, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces. The remaining findings of guilty are affirmed. We also caution practitioners in cases where images charged as child pornography under the federal statute are included in a stipulation of fact, to sufficiently review those images and ensure that those images meet the federal statutory definition of child pornography during the providence inquiry.

Reassessing the sentence on the basis of the errors noted, the entire record, the specific facts of this case, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for ten months, forfeiture of $964.00 pay per month for ten months, and reduction to E1. We conclude that such a sentence is at least that which would have been imposed by a court-martial for the findings of guilty that were affirmed. All rights, privileges, and property, of which appellant

was deprived by virtue of that portion of his sentence being set aside by this decision are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court