# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ERIK D. JENKINS**
**United States Army, Appellant**

ARMY 20110673

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

13 May 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failure to obey a lawful order, false official statement, assault upon a commissioned officer, possession of child pornography, and possession of ten video files of bestiality, in violation of Articles 92, 107, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 928, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for three years, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved a sentence to a bad-conduct discharge, confinement for eighteen months, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UCMJ, and appellant raises two assignments of error, one of which warrants discussion and relief.  Appellant claims the military judge abused his discretion when he accepted

appellant's plea to the alternative theories of guilt alleged in the child pornography specification of which he was convicted. Specifically, appellant argues that the military judge failed to elicit a factual basis that appellant's possession of child pornography was either prejudicial to good order and discipline or service-discrediting. We agree.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

The government charged appellant with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a), "such conduct being prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces." *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶ 60.c.(2), (3), and (4). As our superior court recently reiterated, "[t]he three clauses of Article 134 constitute 'three distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). Thus, if a specification alleges all three, then there must be a substantial basis in fact in the record to support a finding of guilty to all three.

Given the facts of this case, there is no question as to appellant's possession of child pornography in violation of § 2252A. However, the plea inquiry does not establish facts demonstrating that appellant's conduct was prejudicial to good order and discipline or service-discrediting. The military judge never explained these elements to appellant, nor did he discuss with appellant whether his conduct violated these elements. Consequently, the military judge did not elicit an adequate factual basis during his colloquy with appellant to support his plea to committing conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. Accordingly, on the record before us, we find a substantial basis in fact to question appellant's pleas to violating Clauses 1 and 2 of Article 134, UCMJ.

## CONCLUSION

On consideration of the entire record, the court affirms only so much of the finding of guilty of Specification 1 of Charge I as finds that appellant "did, at Fort Bliss, Texas, between on or about 1 June 2010 and 22 August 2010, a place under exclusive or concurrent federal jurisdiction, or under the control of the United States Government, knowingly possess a laptop computer containing more than 10 images

and video files of child pornography, in violation of 18 U.S. Code, Section 2252A(a)(5)." The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J 40 (C.A.A.F 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court