# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER R. WEBB**
**United States Army, Appellant**

ARMY 20130466

Headquarters, 2d Infantry Division
Wendy P. Daknis, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant:  Major Vincent T. Shuler, JA; Captain Patrick A. Crocker, JA.

For Appellee:  Lieutenant Colonel James L. Varley, JA.

20 December 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted manufacture of AM-2201 (a Schedule I controlled substance) with the intent to distribute and one specification of possession of AM- 2201 with the intent to distribute in violation of Articles 80 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 912a (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ.  Appellant submits the case on its merits and raises a number of matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We agree with one of those matters.

According to both the plea inquiry and the stipulation of fact, appellant never attempted to manufacture the substance (AM-2201) charged in this case.  He

purchased the AM-2201 over the internet and received it by mail. Appellant intended to use the AM-2201 to produce "spice" by combining it with acetone and spraying it on marshmallow leaf, and then distribute the "spice" for profit. He did not attempt to manufacture AM-2201 in any sense, and neither the providence inquiry nor the stipulation of fact suggests otherwise. His plea to that offense must therefore be rejected. *See generally United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

Despite the fact that the maximum punishment is now halved, we are confident that we can properly reassess the sentence. The evidence of his purchase and intended use of AM-2201 to manufacture spice was part and parcel of the alleged possession with intent to distribute charge and would therefore be considered by the sentencing authority to determine appellant's sentence even without the Article 80, UCMJ, charge. Though manufacture of illegal drugs addresses a separate evil of at least equal concern to that of possession of those drugs, it is the intent to distribute that offers the gravamen of aggravation under the circumstances. Considering the totality of circumstances in this case, we are confident that appellant would have received a sentence at least as severe as a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1. *See United States v. Winckelmann*, ___ M.J. ___, slip. op. at 12-13 (C.A.A.F. 18 Dec. 2013).

After considering the entire record, including those matters personally raised by appellant pursuant to *Grostefon*, Charge I and its specification are set aside and dismissed. The remaining findings of guilty are affirmed. The court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by the decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge YOB and Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court