# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JASON K. SHANLEY**
**United States Army, Appellant**

ARMY 20120199

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan K. Potter, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain J. Fred Ingram, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Major Matthew T. Grady, JA (on brief).

24 December 2013

-------------------------------
SUMMARY DISPOSITION
-------------------------------

YOB, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny; one specification of conspiracy to wrongfully appropriate a motor vehicle; four specifications of absence without leave terminated by apprehension; two specifications of larceny of property under $500 in value; one specification of wrongful appropriation of a motor vehicle; and one specification of fleeing the scene of an accident, in violation of Articles 81, 86, 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, 921, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 199 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant asserts three assignments of error. One of these, concerning the adequacy of appellant's pleas of guilty to Charge V and its specification, which alleged fleeing the scene of an accident under Article 134, UCMJ, merits discussion and warrants relief.

Appellant was the passenger in a motor vehicle he and his co-conspirator—the driver of the vehicle—had wrongfully appropriated. In the process of trying to elude the owner of the vehicle, the driver lost control of the vehicle and it veered off the road. After this accident occurred, the driver was unable to restart the engine, and both the driver and appellant fled the scene on foot. Based on this conduct, the government charged appellant with fleeing the scene of an accident.

The Article 134, UCMJ, offense of fleeing the scene of an accident sets forth three theories of liability for one who leaves the scene of a vehicle accident without making his identification known: 1) the accused was the driver of the vehicle; 2) the accused was both a passenger in the vehicle and the superior commissioned or noncommissioned officer of the driver, or commander of the vehicle, who wrongfully and unlawfully ordered, caused, or permitted the driver to leave the scene of the accident; or, 3) the accused was a passenger charged as a principal under Article 77, UCMJ, who aided, abetted, counseled, commanded, or procured the commission of the offense of fleeing the scene of the accident by the driver. *Manual for Courts-Martial, United States* (2008 ed.), [hereinafter *MCM*], pt. IV, ¶¶ 82.b(1), 82.b(2), 82.c(3). The record does not establish a provident plea under any of these theories of liability. The government concedes the findings of guilty of fleeing the scene of an accident under Article 134, UCMJ, must be dismissed.

We do not find an adequate basis in the record to find appellant guilty of a lesser-included offense under the general Article 134, UCMJ. Therefore, we find a substantial basis in law and fact to question appellant's pleas to Charge V and its specification. *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

## CONCLUSION

The findings of guilty of Charge V and its specification are set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record of trial, and the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, ___ M.J.___, slip. op. at 12-13 (C.A.A.F. 18 Dec. 2013), the court affirms the adjudged sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings of guilty set aside by the decision, are ordered restored.

Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court