# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JOHN J. RODRIGUEZ**
**United States Army, Appellant**

ARMY 20120311

Headquarters, National Training Center and Fort Irwin
David L. Conn, Military Judge
Lieutenant Colonel Gail A. Curley, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on brief); Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on supplemental brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

29 September 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to wrongfully distribute marijuana; conspiracy to commit larceny of property of a value greater than $500.00; conspiracy to commit larceny of military firearms; damage of military property of a value greater than $500.00; sale of military firearms (four specifications); wrongful disposition of military firearms (three specifications); damage of non-military property of a value less than $500.00; wrongful possession of more than 30 grams of marijuana with the intent to distribute; wrongful introduction of marijuana onto a military installation with the intent to distribute; wrongful distribution of marijuana; wrongful use of marijuana; larceny of property of a value greater than $500.00; larceny of military property of a value greater than $500.00; larceny of military firearms; unlawful entry (two specifications) in violation of Articles 81, 108, 109, 112a, 121, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 908, 909,

912a, 921, 934 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with 247 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant raises several assignments of error, only one of which merits discussion and relief.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial 910(e).

Appellant pled guilty to and was convicted of, *inter alia*, Specification 1 of Charge IV, which alleged: "In that [appellant] did, at or near Fort Irwin, California, on divers occasions between on or about 1 December 2010 and on or about 28 July 2011, wrongfully possess an amount totaling greater than 30 grams of marijuana, with the intent to distribute the said marijuana." However, during the providence inquiry, appellant admitted only that he possessed more than 30 grams of marijuana with the intent to distribute on a single occasion. Attached to the stipulation of fact was a photograph, which appellant described during the inquiry as a photograph of himself holding two bags of marijuana that he and his cousin possessed with the intent to distribute. Appellant told the military judge that each bag contained an ounce of marijuana. The judge, without defense objection, took judicial notice that one ounce of marijuana was equal to 28 grams of marijuana. Appellant then clarified with the judge that, although he intended to distribute this marijuana, he never brought it onto Fort Irwin. Appellant explained that this was the only instance during which appellant possessed more than 30 grams at one time.[*] We find a substantial basis in fact to question's appellant's plea to "divers occasions" in Specification 1 of Charge IV and will grant relief in our decretal paragraph.

---

[*] Appellant also admitted that on 10 to 15 occasions, he would bring onto Fort Irwin one or two grams of marijuana with the intent to distribute. However, even if appellant brought two grams of marijuana onto Fort Irwin on 15 occasions, appellant would not have possessed *more than 30 grams* with the intent to distribute.

## CONCLUSION

We affirm only so much of Specification 1 of Charge IV as provides: "In that Sergeant John J. Rodriguez, U.S. Army, did, at or near Fort Irwin, California, between on or about 1 December 2010 and on or about 28 July 2011, wrongfully possess an amount totaling greater than 30 grams of marijuana, with the intent to distribute the said marijuana." The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and applying the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3