UNITED STATES, Appellee

v.

Justin A. INABINETTE, Sergeant
U.S. Marine Corps, Appellant

No. 07-0787

Crim. App. No. 200602228

United States Court of Appeals for the Armed Forces

Argued February 4, 2008

Decided May 22, 2008

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel

For Appellant:  Lieutenant Commander Matthew T. Schelp, JAGC,
USNR (argued); Lieutenant Commander Thomas P. Belsky, JAGC, USNR
(on brief); Lieutenant Kathleen L. Kadlec, JAGC, USN.


For Appellee:  Lieutenant Justin E. Dunlap, JAGC, USN (argued);
Major Brian K. Keller, USMC (on brief).



Military Judge:  J. G. Meeks



THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Inabinette, No. 07-0787/MC

Judge BAKER delivered the opinion of the Court.

Appellant was tried by a military judge sitting as a special court-martial. Appellant pleaded guilty to disobeying a general order and larceny, in violation of Articles 92 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 921 (2000). The military judge found Appellant guilty of the orders offense, and with respect to the charged larceny, found Appellant guilty of the lesser included offense of wrongful appropriation. Appellant was sentenced to confinement for one year, reduction to the lowest enlisted grade, and a bad-conduct discharge. The findings and sentence were approved by the convening authority, and affirmed by the United States Navy-Marine Corps Court of Criminal Appeals. United States v. Inabinette, No. NMCCA 200602228, 2007 CCA LEXIS 184, at *16, 2007 WL 1724913, at *6 (N-M. Ct. Crim. App. June 12, 2007). Appellant challenges the standard used by the lower court in reviewing his plea.[1]

The lower court's opinion raises several questions regarding the standard of review of a military judge's decision to accept an accused's plea of guilty. The questions arise, in

---

[1] On Appellant's petition we granted the following issue for review:

WHETHER THE COURT OF CRIMINAL APPEALS ERRED WHEN IT REVIEWED FOR AN ABUSE OF DISCRETION, RATHER THAN DE NOVO, THE MILITARY JUDGE'S LEGAL CONCLUSION THAT APPELLANT'S PLEAS WERE PROVIDENT.

part, because of the varied but related standards employed by this Court in reviewing discrete factual and legal aspects of a guilty plea.  For the reasons stated below, we reiterate that the standard for reviewing a military judge's decision to accept a plea of guilty is an abuse of discretion.  A military judge abuses his discretion if he accepts a guilty plea without an adequate factual basis to support the plea.  In contrast, the military judge's determinations of questions of law arising during or after the plea inquiry are reviewed de novo.  In this case, the military judge obtained an adequate factual basis to support the plea and correctly applied the law.  As a result, we affirm.

## I.

During the period of the alleged offenses, Appellant served under combat conditions at Camp Mahmudiyah, Iraq, where he worked in the armory.  According to Dr. Clark E. Smith, a board-certified forensic psychiatrist who testified during sentencing on behalf of the defense, Appellant experienced several stress-related symptoms, including nightmares, depression, and emotional withdrawal.  On or about January 20, 2005, Appellant attempted to mail a fragmentation grenade and a confiscated pistol to his parents' home.  During the plea inquiry he claimed to have no memory of committing the offense; however, Appellant

remembered planning it, and hoping he would be caught and sent home.

Dr. Smith stated that at the time of the offense, Appellant suffered from Bipolar I Disorder with psychotic features. Upon hearing this testimony, the military judge commented that Dr. Smith's testimony was at odds with Appellant's guilty plea. After being recalled to the stand, Dr. Smith testified that he had no indication that Appellant did not appreciate the wrongfulness of his actions at the time of the offense. Following Dr. Smith's testimony, the military judge determined that Appellant's pleas remained provident.

## II.

During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it. United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991). "A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996); see also United States v. Shaw, 64 M.J. 460, 462 (C.A.A.F. 2007); United States v. Tippit, 65 M.J. 69, 81 (C.A.A.F. 2007); United States v. Thomas, 65 M.J. 132, 134 (C.A.A.F. 2007); United States v. Simmons, 63 M.J. 89, 92 (C.A.A.F. 2006); United States v. Phillippe, 63 M.J. 307, 309 (C.A.A.F. 2006); United States v. Erickson, 61 M.J. 230, 232

4

(C.A.A.F. 2005). A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea -- an area in which we afford significant deference. United States v. Jordan, 57 M.J. 236, 238 (C.A.A.F. 2002). Additionally, any ruling based on an erroneous view of the law also constitutes an abuse of discretion. United States v. Griggs, 61 M.J. 402, 406 (C.A.A.F. 2005); United States v. Wardle, 58 M.J. 156, 157 (C.A.A.F. 2003); United States v. Sullivan, 42 M.J. 360, 363 (C.A.A.F. 1995).

There exist strong arguments in favor of giving broad discretion to military judges in accepting pleas, not least because facts are by definition undeveloped in such cases. See Jordan, 57 M.J. at 238. Indeed, as stated in Jordan, an accused might make a conscious choice to plead guilty in order to "limit the nature of the information that would otherwise be disclosed in an adversarial contest." Id. at 238-39. As a result, in reviewing a military judge's acceptance of a plea for an abuse of discretion appellate courts apply a substantial basis test: Does the record as a whole show "'a substantial basis' in law and fact for questioning the guilty plea." United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).

Traditionally, this test is presented in the conjunctive (i.e., law and fact) as in Prater; however, the test is better considered in the disjunctive (i.e., law or fact). That is

5

because it is possible to have a factually supportable plea yet still have a substantial basis in law for questioning it.  This might occur where an accused knowingly admits facts that meet all the elements of an offense, but nonetheless is not advised of an available defense or states matters inconsistent with the plea that are not resolved by the military judge.  At the same time, where the factual predicate for a plea falls short, a reviewing court would have no reason to inquire de novo into any legal questions surrounding the plea.

Within this general framework, distinct questions may arise for which an appellate court will review a plea using a de novo standard of review, such as in those cases where the providence of a plea raises pure questions of law.  The court below recognized this exception, noting our opinion in United States v. Pena, 64 M.J. 259 (C.A.A.F. 2007), a case involving the question of whether a military judge had an affirmative duty to inquire into an accused's understanding of the collateral consequences of participation in an early release program. United States v. Inabinette, 2007 CCA LEXIS 184, at *2, 2007 WL 1724913, at *1 (N-M. Ct. Crim. App., June 12, 2007) (unpublished).  Because that case dealt with the legal aspects of the military judge's duties during the plea inquiry, and not with the adequacy of the factual inquiry, it was appropriate to apply a de novo standard.  Pena, 64 M.J. at 267.  In United

6

States v. Harris, 61 M.J. 391 (C.A.A.F. 2005), this Court reviewed de novo the military judge's legal conclusion that the facts presented did not give rise to a defense of mental responsibility.  Id. at 398.  As our review considered a mixed question of law and fact, determined by the military judge after a factfinding hearing, the standard was de novo.  Id.

In summary, we review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo.  In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea.

### III.

This Court addressed the issue of evidence of bipolar disorder raised during sentencing and post-trial procedures in Harris and Shaw.  In Harris, a pretrial examination conducted pursuant to Rule for Courts-Martial (R.C.M.) 706 determined that the accused had been mentally responsible at the time of the alleged offenses.  61 M.J. at 393.  The accused was subsequently convicted in accordance with his pleas.  Id. at 392.  After the court-martial, a mental health official determined that Harris suffered from a severe case of bipolar disorder, and was unlikely to have appreciated the wrongfulness of his actions at

the time of the offenses.  Id. at 393.  The military judge conducted a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), session, and considered the contradicting pretrial and post-trial medical testimony, ultimately finding that the accused's guilty plea remained provident.  Id.  Following the Article 39(a), UCMJ, session, the convening authority ordered another R.C.M. 706 examination, which determined that -- while the accused suffered from a severe mental disease -- he had understood the wrongfulness of his actions at the time of the offenses.  Id. at 394.  This Court reviewed de novo the military judge's legal conclusion that Appellant's pleas were provident and reversed.  Id. at 398-99.  In doing so, we stated, "We do not see how an accused can make an informed plea without knowledge that he suffered a severe mental disease or defect at the time of the offense.  Nor is it possible for a military judge to conduct the necessary Care inquiry into an accused's pleas without exploring the impact of any potential mental health issues on those pleas."  Id. at 398.

In Shaw, the accused made an unsworn statement following findings of guilty, stating that he had been diagnosed with a bipolar disorder after suffering a severe brain injury.  64 M.J. at 461.  Beyond this unsworn statement and responses made to defense counsel's question, Shaw did not offer any further evidence of his bipolar condition, nor did he assert that his

8

condition implicated his mental responsibility for his offense. Id. at 461, 464. In contrast to Harris, this Court held that the military judge was not required to inquire further about the effect of Shaw's mental condition on his responsibility for his actions because Shaw's statement, without more, did not put his mental responsibility at issue, but raised only the possibility of a defense. Id. at 464. By extension, the military judge did not abuse his discretion in accepting Shaw's pleas of guilty. Id.

In this case, the military judge heard potentially contradictory testimony from Dr. Smith. Dr. Smith testified that Appellant had Bipolar I Disorder with psychotic features. Among other things, when asked whether Appellant could understand the nature and quality of his actions, Dr. Smith stated "there exists that question, yes." However, in response to the military judge's further inquiry, Dr. Smith also testified that Appellant told him he was aware of the wrongfulness of his acts at the time, and that he, Dr. Smith, did not "have evidence to the contrary." In addition, the military judge questioned Appellant, and had the results of two R.C.M. 706 boards that found the likelihood that Appellant was unable to appreciate the nature and wrongfulness of his behavior "[s]tatistically improbable." Thus, in contrast to Shaw, the tension in Appellant's plea rests on more than the unsworn

9

testimony of the accused.  Nonetheless, this case is more akin to Shaw than to Harris.  Here, the military judge inquired into Appellant's mental condition following Dr. Smith's testimony, and addressed the potential inconsistency in that testimony regarding Appellant's mental responsibility at the time of the offenses.  He did so by questioning Dr. Smith and Appellant against a backdrop of consistent R.C.M. 706 board findings.

As a result, we conclude that the military judge correctly applied the law by inquiring into Appellant's mental responsibility in light of the potentially contradictory testimony offered after the acceptance of Appellant's plea and concluding that this new evidence did not undermine the adequacy of the plea.  The military judge, therefore, properly accepted Appellant's provident plea, and the Court of Criminal Appeals properly reviewed the military judge's decision for an abuse of discretion.

## DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.