# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E-1 STEVEN P. STRICKLAND**
**United States Army, Appellant**

ARMY 20050455

Headquarters, 7th Infantry Division and Fort Carson
Donna M. Wright, Military Judge
Colonel Kent R. Meyer, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain A. Jason Nef, JA (on brief following stay of proceedings); Colonel Christopher J. O'Brien, JA; Lieutenant Colonel Steven C. Henricks, JA; Captain Candace N. White Halverson, JA (on initial brief); Colonel John T. Phelps, II, JA; Lieutenant Colonel Steven C. Henricks, JA; Major Tyesha E. Lowery, JA (on motion to stay proceedings).

For Appellee: Major Amber J. Williams, JA; Major LaJohnne A. White, JA (on brief following stay of proceedings); Colonel John W. Miller, II, JA; Major Elizabeth G. Marotta, JA; Major Tami L. Dillahunt, JA (on initial brief); Colonel John W. Miller, II, JA; Major Tami L. Dillahunt, JA (on motion to stay proceedings).

27 June 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

On 8 April 2005, a military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification each of wrongfully using methamphetamine and cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2000). The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for two months, and forfeiture of $822.00 pay per month for two months.

As noted, appellant pled and was found guilty of his crimes on 8 April 2005. There was no reason then, nor is there now, to question his ability to understand the nature and wrongfulness of his offenses at the time he committed them, nor to

STRICKLAND—ARMY 20050455

question his ability to understand the proceedings and to cooperate in his defense at trial. Appellant's plea was clearly provident, and there is certainly no substantial basis in law or fact to question it. *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008). On appeal, this court was first notified of appellant's competency issues on 12 October 2006.[1] During the following years this court issued orders on 1 March 2007, 7 February 2008, 13 February 2009, 5 August 2009, and 29 October 2009 to determine the appellant's ability to understand and cooperate in these appellate proceedings and to hold them in abeyance if he could not. Appellant currently possesses the ability to understand and cooperate in these appellate proceedings.[2] We find appellant's assignment of error to be without merit.

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[1] On 12 October 2006, appellant's defense appellate counsel moved, *inter alia*, to stay appellate proceedings and order a sanity board pursuant to Rules for Courts-Martial (hereinafter R.C.M.) 706. We granted those motions on 1 March 2007 and ordered the government to complete a sanity board on appellant. The results of this initial sanity board were provided to the court on 24 August 2007.

[2] See R.C.M. 706 board report dated 17 May 2011.