# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant JOSHUA L. ALANIZ**
**United States Army, Appellant**

ARMY 20111170

Headquarters, Seventh U.S. Army Joint Multinational Training Command
Christopher T. Fredrikson, Military Judge
Lieutenant Colonel David Mendelson, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Major Richard E. Gorini, JA; Colonel Edye U. Moran, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA (on brief).

6 November 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

YOB, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of one specification of larceny of military property of a value greater than $500 in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (2006) [hereinafter UCMJ].  A panel of officer and enlisted members sentenced appellant to a bad-conduct discharge, confinement for 179 days, and reduction to the grade of E-4.  At appellant's request, the convening authority deferred $1,120 per month of the automatic forfeitures until action.  At action, the convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  We have considered the record of trial and the written briefs of the parties in which appellant raises two assignments of error, one of which merits discussion but no relief.  This assignment of error alleges the military judge erred in accepting appellant's plea of guilty to larceny of a value in excess of $500 where the military judge failed to elicit

a factual basis that appellant stole or claimed an amount over $500 in currency at substantially the same time and place.

"[W]e review a military judge's decision to accept a plea of guilty for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will be set aside on appeal only if an appellant can show a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45; Rule for Courts-Martial 910(e).

In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). In this case, appellant admitted to sufficient facts during both the providence inquiry and in the stipulation of fact for this court to find the military judge did not abuse his discretion in accepting appellant's guilty plea to larceny of military property of a value greater than $500.

Appellant told the military judge that when he was reassigned from Fort Hood, Texas, to Fort Hamilton, New York in 2004, his wife did not move with him. Appellant received the Basic Allowance for Housing (BAH) at the with-dependent rate for New York City while he was stationed at Fort Hamilton, New York. In December 2007, appellant was reassigned to Germany where he lived in a barracks quarters provided at no cost by the military. However, appellant nonetheless continued to receive the New York City with-dependent housing allowance based on the military's misperception that appellant's wife had lived and continued to live in New York City.

Appellant further explained that in January 2011, as part of the recertification process to continue receiving the housing allowance at the New York City rate, appellant created a false lease with a fictitious address in New York City and submitted this lease to the Finance Office in Germany. On the recertification form, appellant indicated his wife lived at the fictitious address in New York City. Appellant admitted to the military judge that he knew he was not entitled to the New York City area BAH while he was in Germany; that the money was military property; and that he intended to steal the money by keeping it permanently for his own use.

After the presentation of sentencing evidence and appellant's unsworn statement, the military judge reopened the providence inquiry, during which appellant elaborated on his knowledge and intent in wrongfully acquiring and

keeping the housing allowance payments. In the course of this inquiry, appellant stated he knew the amount of the extra money to which he was not entitled and that he was receiving while stationed in Germany was over $1,000 per month and that he kept it with the intent to steal it.

We find these admissions sufficient to determine appellant received and kept over $1,000 in military funds at substantially the same time and place for each month he received the housing allowance to which he was not entitled. We are confident that in at least one month, appellant stole $1,000 in housing allowance payments. In light of this, we find no substantial basis in law or fact to question appellant's plea to one specification of larceny of military property in an amount in excess of $500.

Therefore, on consideration of the entire record and the assigned errors, the finding of guilty and the sentence as approved by the convening authority are AFFIRMED.

Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court