# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, T.J. STINSON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**VIDAL E. SANCHEZ III**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201400053**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 24 October 2013.
**Military Judge:** Col James Carberry, USMC.
**Convening Authority:** Commanding Officer, Headquarters Battalion, Marine Corps Base Hawaii, Kaneohe Bay, HI.
**Staff Judge Advocate's Recommendation:** LtCol T.G. McCann, USMC.
**For Appellant:** Maj Jeffrey Stephens, USMCR.
**For Appellee:** Maj Paul Ervasti, USMC.

**30 June 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of failure to obey a lawful order, wrongful possession of cocaine, and wrongful use of cocaine, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a.  The military judge sentenced him to 120 day's confinement, reduction to pay grade E-1, and a bad-conduct

discharge.  The convening authority approved the sentence and, except for the punitive discharge, ordered it executed.

The appellant raises two assignments of error.  First, he argues that the military judge erred in accepting his guilty pleas because the providence inquiry and expert testimony left issues of the appellant's mental responsibility unresolved.  Second, he contends that the military judge erred by failing to inquire into the possible defense of duress.  We disagree with both contentions.  Having examined the record of trial, the assignments of error, and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

**Background**

On 5 August 2013, the appellant received 45 days restriction following imposition of nonjudicial punishment for wrongful use of cocaine.  During his restriction period, the appellant left base to purchase cocaine, which he subsequently used in his barracks room.

At trial, the parties discussed the appellant's mental health with the military judge.  During an 802 conference[1], the military judge instructed detailed defense counsel to discuss any potential issue of a lack of mental responsibility (LMR) defense with the appellant.  Following the conference, defense counsel confirmed that he discussed the matter with the appellant.  Throughout the providence inquiry, the appellant confirmed that on each charged occasion he was fully aware of his actions and knew them to be wrong.  Record at 18, 24, 30. For each offense, the military judge inquired of both the appellant and detailed defense counsel whether they had discussed any potential defense involving LMR and if any viable defense existed.  Both explained that they had and both believed no such defense existed.  Similarly, the military judge inquired as to the need for any RULE FOR COURTS-MARTIAL 706, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) examination.  Both the appellant and his counsel confirmed that they discussed the matter and neither believed an examination was warranted.

During presentencing, the defense called Dr. Dennis DePry, a psychiatrist treating the appellant at the time of trial.  Dr.

---

[1] RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

DePry testified at length concerning the appellant's mental health diagnoses for Post-Traumatic Stress Disorder and Bipolar Disorder, and his treatment and prognosis for the future. Although he initially answered that he believed that the appellant could understand right from wrong if he was "clean and sober," Record at 55, he later clarified that he misunderstood the question. On the subject of mental competency, he elaborated stating that the appellant "does not need [an R.C.M. 706] board,[2] because I don't think there's any type of incapacitation. I think he does understand right from wrong. And I think he can adhere to the right if he chooses." *Id*. at 56. Dr. Depry then confirmed that, despite his mental illness, the appellant's use of cocaine was more "a coping mechanism" and that the appellant understood what he was doing was wrong. *Id*. at 57.

During the appellant's unsworn statement, he testified about how his life entered a "downward spiral" after he returned from deployment having survived an IED attack; his wife left him and he was feeling alone and depressed. He testified that the drugs seemed to make the pain go away. *Id*. at 60.

## Analysis

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). An abuse of discretion occurs when there is a substantial basis in law or fact for questioning the guilty plea. *Id*. A potential defense to the charged crime constitutes "matter inconsistent with the plea" under Article 45(a), UCMJ. If, at any time during the proceeding, the circumstances raise a possible defense, then the military judge is obligated to make further inquiry to resolve any apparent ambiguity or inconsistency. *United States v. Phillipe*, 63 M.J. 307, 310 (C.A.A.F. 2006). A failure to do so constitutes a substantial basis in law or fact for questioning the guilty plea. *Id*. at 311. Once the military judge has accepted the pleas and entered findings, an appellate court will not reverse those findings and reject the plea unless it finds a substantial conflict between the pleas and the accused's statements or other evidence of record. *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007).

In accordance with R.C.M. 916(k)(1), "[i]t is an affirmative defense to any offense that, at the time of the

---

[2] As a former chief of Navy psychiatry, Dr. Depry testified that he participated in or conducted "hundreds" of R.C.M. 706 examinations. *Id.* at 57.

commission of the acts constituting the offense, the accused, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his or her acts."  In the absence of contrary circumstances, the military judge may properly presume that the accused is sane. *Shaw*, 64 M.J. at 463.

In this case, the military judge inquired extensively as to a potential LMR defense.  Both the appellant and his counsel confirmed that the defense did not apply and that an R.C.M. 706 examination was unnecessary to determine the appellant's mental responsibility.  The only evidence the appellant relies on is the testimony of his psychiatrist, Dr. DePry.  While Dr. Depry initially addressed the appellant's mental condition at the time of his offenses, he later clarified his testimony to disavow any concern over his mental competency.  Furthermore, he reiterated his opinion that the appellant understood the wrongfulness of his actions at the time of his offenses and his crimes were of his own choosing.  Last, Dr. Depry's ample experience in conducting R.C.M. 706 examinations adds considerable weight to his testimony that he saw no need for any such examination in the appellant's case.

Taken together with both the appellant's and his counsel's disavowal of any defense of lack of mental responsibility, we find no substantial conflict with the appellant's plea.  *See United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012) (holding that while the distinction between a potential defense and the "mere possibility" of a defense is amorphous, it is accepted that not every mitigating statement requires further inquiry by the military judge).

We now turn to the appellant's argument that the military judge had a *sua sponte* duty to inquire into a potential duress defense.  The defense of duress applies only when the accused has "a reasonable apprehension that the accused or another innocent person would be immediately killed or would immediately suffer serious bodily injury if the accused did not commit the act."  R.C.M. 916(h).  In its duress instruction, the Military Judge's Benchbook defines duress as "causing another person to do something against his will by the use of either physical force or psychological coercion."  Military Judge s' Benchbook, Dept. of the Army Pamphlet Instruction 27-9 at 5-5, DURESS (COMPULSION OR COERCION) (1 Jan 2010).  If the accused has a reasonable opportunity to avoid committing the offense without subjecting himself or another to the harm threatened, the defense of duress does not exist.  R.C.M. 916(h).

On appeal, the appellant argues that the issue of duress was raised by Dr. DePry's testimony that the appellant may suffer withdrawal if he were to cease cocaine use, and the appellant's unsworn statement that he abused cocaine to "ease his pain." Appellant's Reply of 14 May 2014 at 5. However, nowhere does the record offer any specific symptoms of withdrawal that could rise to the level of compulsion within the meaning of R.C.M. 916(h). We find that these limited references in the record did not require the military judge to explain or discuss the defense of duress with the appellant.

In summary, we find that the matters now submitted by the appellant do not raise a substantial conflict with his statements and guilty pleas at trial. Consequently, we find no substantial basis in either law or fact to question his pleas. *Inabinette*, 66 M.J. at 322.

## Conclusion

The findings and sentence as approved by the convening authority are affirmed.

For the Court


R.H. TROIDL
Clerk of Court