WEBER, Judge,
concurring:
I fully concur with the Court’s opinion detailing the reasoning behind “sham marriage” cases. I also agree with the opinion that the appellant did not call into question the providency of her plea by stating that, after the sham marriage began, she and her *533 co-conspirator made some attempt to “give it a try.” I write separately simply to stress that a military judge enjoys “broad discretion” in deciding to accept a guilty plea, and this decision will not be overturned unless the record as a whole shows “a substantial basis in law and fact for questioning the guilty plea.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008) (quoting United States v. Prater, 32 M.J. 433, 436 (C.M.A.1991)) (internal quotation marks omitted).
The appellant clearly and repeatedly admitted that she entered into the “marriage” for the sole purpose of defrauding the U.S. Government out of housing allowances. Her providency inquiry revealed that throughout most if not all of the charged time frame, the appellant and her “husband” were not living together as husband and wife in any true sense of the phrase. The military judge recognized that the appellant’s statements about what occurred after the sham marriage commenced raised some issue that required further exploration. He thoroughly and methodically explored this issue, giving the appellant plenty of time to discuss this matter with her defense counsel. Time and again, the appellant reiterated that she understood the issue raised by her statements, repeated that she was guilty because her intent was to defraud the government out of housing allowances through a sham marriage, and reiterated her desire to plead guilty. The military judge did exactly what he should have, and there is no “substantial basis” for questioning the plea. Given the significant deference he enjoys in deciding whether to accept a guilty plea, I would end the analysis there.