No. 14–0650/AR. U.S. v. Kenneth E. Hagstrom. CCA 20121058. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Hagstrom*, No. 20121058 (A. Ct. Crim. App. May 27, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that his company commander issued the order requiring him to sign in at the Charge of Quarters desk for the sole purpose of increasing the penalty that would apply if Appellant failed to do so. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 15–0048/AR. U.S. v. Joshua R. Baker. CCA 20120839. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Baker*, No. 20120839 (A. Ct. Crim. App. Aug. 27, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that the superior commissioned officer issued the restriction order for the sole purpose of increasing the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 15–0116/AR. U.S. v. Derrick L. Hardy. CCA 20120816. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Hardy*, No. 20120816 (A. Ct. Crim. App. Aug. 13, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that the superior commissioned officer issued the restriction order for the sole purpose of increasing