numerous AWOLs and failures to go, wrongful use of cocaine and marijuana, and larceny of computer materials with a value greater than $500. Articles 85, 86, 112a, 121, UCMJ, 10 U.S.C. §§ 885, 886, 912a, 921 (2008). The maximum punishment for these offenses, separate from any Article 92 offense, exceeded the statutory jurisdiction of the special court-martial. The convening authority, acting in accord with the pretrial agreement, disapproved Appellant's sentence to confinement in excess of four months. Accordingly, under the circumstances of this case, the military judge's omission "did not substantially influence the sentence and materially prejudice Appellant's substantial rights." *United States v. St. Blanc*, 70 M.J. 424, 430 (C.A.A.F. 2012) (citing Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006)). Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 14–0650/AR. U.S. v. Kenneth E. Hagstrom. CCA 20121058. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Hagstrom*, No. 20121058 (A. Ct. Crim. App. May 27, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that his company commander issued the order requiring him to sign in at the Charge of Quarters desk for the sole purpose of increasing the penalty that would apply if Appellant failed to do so. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 15–0048/AR. U.S. v. Joshua R. Baker. CCA 20120839. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Baker*, No. 20120839 (A. Ct. Crim. App. Aug. 27, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that the superior commissioned officer issued the restriction order for the sole purpose of increasing the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 15–0116/AR. U.S. v. Derrick L. Hardy. CCA 20120816. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Hardy*, No. 20120816 (A. Ct. Crim. App. Aug. 13, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that the superior commissioned officer issued the restriction order for the sole purpose of increasing

the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 15–0267/NA. U.S. v. Adam C. Terral. CCA 201300273. Appellant's motion to supplement the record is hereby denied.

No. 15–0291/NA. U.S. v. Kevin P. Shippee. CCA 860285. Appellant's second motion to extend time to file the supplement to the petition for grant of review is hereby granted to February 26, 2015.

No. 15–0295/AR. U.S. v. Kevin D. Washington. CCA 20140826. Appellee's motion to file an appendix to Appellee's brief is hereby granted.

Thursday, February 12, 2015

No. 15–0258/AR. U.S. v. Ricardo Gonzales. CCA 20140620. On consideration of the writ-appeal petition, it is ordered that said petition is hereby denied.

No. 15–0206/NA. U.S. v. Jeffrey F. Morris. CCA 201300348. On consideration of the petition for grant of review of the decision of the United States Navy–Marine