# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ADAM L. FIELDS**
**United States Army, Appellant**

ARMY 20140210

Headquarters, 25th Infantry Division
David L. Conn, Military Judge
Colonel Mark A. Bridges, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Major Candace N. White Halverson, JA (on brief).[*]

For Appellee: Major A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

11 September 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, and one specification of abusive sexual contact, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which merits discussion but no relief.

---

[*] Appellant's initial brief is sealed. We granted appellant's motion to amend appellate pleading to substitute a brief without an inadvertently placed additional page.

Appellant alleges his plea of guilty to failure to obey a lawful general regulation was improvident because his testimony during providence was insufficient to establish he had a duty to obey Army Reg. 600-20, Personnel-General: Army Command Policy [hereinafter AR 600-20], para. 4-14b (18 Mar. 2008).

Upon review of the entire record, we conclude there was an adequate legal and factual basis to establish appellant's knowledge of his duty to obey AR 600-20, para. 4-14b. "During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

During the providence inquiry, the military judge clearly articulated the elements and definitions of violating a lawful general regulation to appellant, including the element that appellant had a duty to obey the regulation. Appellant stated that he understood them. The military judge also took judicial notice of AR 600-20 and the fact that the provision at issue, para. 4-14, was in effect and punitive within the meaning of Article 92, UCMJ. The military judge noted AR 600-20 was "a lawful regulation as a matter of law," and engaged in an extensive factual colloquy with appellant about his misconduct, which is supported by the stipulation of fact admitted as Prosecution Exhibit 1.

While the military judge failed to explicitly elicit from appellant that he knew he had a duty to obey AR 600-20, para. 4-14b, after considering the entire record and the facts of this case, there is no question appellant knew he had a duty to obey said general regulation. We, therefore, find no substantial basis in law and fact to question appellant's plea to violating AR 600-20, para. 4-14b, a lawful general regulation under Article 92, UCMJ.

**CONCLUSION**

On consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

SHELLEY GOODWIN-MATHERS
Acting Clerk of Court