# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BRAEDEN J. TORGENSEN**
**United States Army, Appellant**

ARMY 20150356

Headquarters, I Corps
Samuel A. Schubert, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Captain John L. Schriver, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Major Matthew T. Grady, JA (on brief).

22 June 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of possession of a controlled substance and one specification of assaulting a military police officer, in violation of Articles 112a and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 928 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and six months confinement and granted appellant seven days of pretrial confinement credit. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and ninety days confinement. He also credited him with seven days of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which requires discussion and relief. Specifically, we find that the military judge abused his discretion by not inquiring into the possibility the accused lacked mental responsibility following evidence that raised a potential defense, and by accepting appellant's plea without the accused affirmatively negating the defense.

## BACKGROUND

In December 2014, during a command health and welfare inspection, appellant's command found a small vial containing anabolic steroids in appellant's barracks room among his belongings. Appellant was relieved from his team leader position in his unit and an investigation ensued. While under investigation for possessing steroids, appellant went to an on-post recreation establishment and drank heavily into the morning hours until he was extremely intoxicated – so much so that appellant had no recollection of the events that follow herein.

At around 0030, when appellant and his friend, Specialist (SPC) W, left the drinking establishment, appellant became emotional and upset over his work situation. They returned to their barracks at the Ranger compound and parted ways. Around 0330, inebriated, appellant telephoned SPC W and said "it all doesn't matter now." Appellant's comments, combined with his earlier emotional state, led SPC W to think appellant was having suicidal ideations. After two more similar calls, due to his concern, SPC W approached the staff duty officer to report appellant's behavior. Then, a gunshot rang out from the parking lot. They ran to the parking lot and saw appellant exiting his vehicle and pointing a gun to his head.

The military police (MP) responded to the parking lot immediately. Five patrol cars formed a perimeter around appellant. An MP approached appellant and tried to calm him. Appellant put the gun to his own head and said "why am I too much of a pussy to pull the trigger?" Appellant asked the MP if they would shoot him if he fired his gun towards the range. The MP said "no," and appellant said "let's test that" and fired a shot towards the range.

The MP continued to talk to appellant to calm him and offered him a cigarette. As appellant smoked the cigarette, appellant surprised the MPs by firing another round towards the range. He then asked to speak with his father on a cell phone. While talking to his father, appellant fired another round from his gun to prove to his father that he was not lying about being surrounded by police with a gun to his head.

Appellant then asked the MP, "If I point my gun at you or the building will you shoot me?" The MP asked appellant not to do that – but appellant waved his gun in the direction of several MPs anyway. The entire event lasted about forty

minutes, culminating with appellant placing his gun on the ground and surrendering to the Special Weapons and Tactics (SWAT) team that responded to the scene.

At his court-martial, appellant described the aforementioned events, not based on his own independent recollection, but rather based on the account of others. Appellant did state that while he did not recall the events, he believed he was trying to harm himself. The military judge accepted appellant's plea.

During his sentencing case, appellant described spending thirty days in an inpatient facility after the aforementioned attempted suicide incident. He also described being diagnosed with post-traumatic stress disorder (PTSD), manic depressive disorder, and a chemical dependency. He stated that he attended alcohol and substance abuse and behavioral health counseling multiple times per week. Appellant also described an extremely abusive childhood which included physical, emotional, and sexual abuse. Lastly, appellant described undergoing a medical procedure for PTSD to block the Stellate Ganglion nerves in an attempt to reduce appellant's fight or flight response in the brain as well as reducing his hyperarousal, anxiety, and aggression. A letter from a behavioral health specialist that confirmed appellant underwent this medical procedure and outlined his ongoing mental health care was entered into evidence at sentencing.

On appeal, appellant calls into question the providency of his guilty plea. Appellant asserts the military judge erred by not resolving a matter inconsistent with his plea where the record and the providence inquiry reveal evidence of a possible lack of mental responsibility defense.

## LAW AND DISCUSSION

This court reviews a military judge's decision to accept a plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A decision to accept a guilty plea will be set aside only where the record of trial shows a substantial basis in law or fact for questioning the plea. *Id*. Should an appellant establish facts that raise a possible defense, the military judge must inquire further and resolve the matters inconsistent with the plea, or reject the plea. *United States v. Phillippe*, 63 M.J. 307, 310-11 (C.A.A.F. 2006). When conducting this inquiry, "[a] military judge can presume, in the absence of contrary circumstances, that the accused is sane." *United States v. Riddle*, 67 M.J. 335, 338 (C.A.A.F. 2009). However, if "the accused's statements or other material in the record indicate a history of mental disease or defect on the part of the accused, the military judge must determine whether that information raises either a conflict with the plea and thus the possibility of a defense or only the 'mere possibility' of a conflict," as "[t]he former requires further inquiry on the part of the military judge, the latter does not." *Id* (citations omitted). A failure to do so constitutes a substantial basis in law or fact for questioning the guilty plea. *Id*.

TORGENSEN —ARMY 20150356

In this case, the military judge reviewed in detail the defense of voluntary intoxication with appellant. He neglected, however, to inquire into a potential defense of lack of mental responsibility despite appellant's discussion of various troubling mental diagnoses, his personal behavioral health history, and the facts on the record regarding the incident forming the basis of the charge in this case. This is of particular concern in this case where appellant has no recollection of the events that form the basis of the charged offense.

While the allied documents in the record of trial indicate appellant underwent a Rule for Courts-Martial 706 sanity board prior to his court-martial, the court-marital record and the colloquy contain no reference to it. We also find no indication in the court-martial record that the military judge was aware appellant underwent a sanity board or its results. We will neither impute such knowledge to the military judge, nor will we presume the matter of mental responsibility was discussed thoroughly with defense counsel and appellant.

The stipulation of fact in this case contains a general defense disclaimer but does not specifically include mental responsibility. Additionally, the military judge did not cover the defense disclaimer paragraph in any detail with appellant on the record. In short, the defense of mental responsibility is not mentioned on the record.

These facts lead this court to conclude the military judge erred by not inquiring into the accused's possible lack of mental responsibility defense which was reasonably raised by the evidence – and by accepting appellant's plea without the accused affirmatively negating this potential defense.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are set aside. A rehearing is authorized. All rights, privileges, and property, of which the appellant has been deprived by virtue of the findings and sentence hereby set aside by this decision, and are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4