# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E-2) MARIO C. SAMANIEGO**
**United States Army, Appellant**

ARMY 20160135

Headquarters, I Corps
Sean Mangan, Military Judge
Lieutenant Colonel John L. Kiel, Jr., Acting Staff Judge Advocate

For Appellant:  Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed

28 February 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

        A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of unlawful sexual contact and assault consummated by a battery in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for 200 days, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

        This case is before the court for review pursuant to Article 66, UCMJ. Appellant submitted the case upon its merits.  We note an error in the military judge's findings and provide relief in our decretal paragraph.

**BACKGROUND**

Appellant was charged in Specification 1 of Charge I with committing a sexual act in violation of the UCMJ, Article 120, as follows:

> In that Private (E-2) Mario C. Samaniego, U.S. Army, did, at or near Joint Base Lewis-McChord, Washington, on or about 17 March 2015, commit a sexual act upon PFC [KO], to wit: penetrating her vulva with his penis, by unlawful force, to wit: holding her arms above her head.

Appellant pleaded not guilty to the charged violation of Article 120, but guilty to a violation of Article 128, assault consummated by a battery. The stipulation of fact set out a new specification that alleged the elements of assault consummated by a battery as follows:

> In that PV2 Mario C. Samaniego, did, at or near Joint Base Lewis-McChord, Washington, on or about 17 March 2015, unlawfully grabbed [sic] PFC [KO] about her arms with his hands.

However, the parties did not move the military judge to amend Specification 1 of Charge I to comport with the specification as set forth in the stipulation.

After entry of pleas, the military judge instructed appellant on a violation of the Article 128, UCMJ, assault consummated by a battery, as to Specification 1 of Charge I. Appellant then articulated facts in the record that supported his plea. In announcing the findings, the military judge excepted from the referred specification the words "above her head" and the letter "s" at the end of arms. He did not except the words "commit a sexual act upon PFC [KO], to wit: penetrating her vulva with his penis, by unlawful force" and appellant never admitted those facts in either the stipulation of fact or during the providence inquiry.

**LAW AND DISCUSSION**

We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). It is clear from the record that the military judge provided appellant the elements for Article 128, UCMJ, assault consummated by battery, and that is the offense appellant during the providence inquiry admitted he had committed. The military judge never provided the element for penetration of the vulva, and the appellant never admitted or articulated facts supporting that act.

SAMANIEGO—ARMY 20160135

The error appears to lie in the military judge's reliance on the lesser-included charge and substituted specification found in the stipulation of fact and not the specification as referred to the court-martial. The military judge did not in his announced findings except the alleged facts that constituted the greater offense of rape, even though it is clear from the record that such was the intent of the parties and the accused's intent in pleading guilty to a lesser-included charge. We find this to be error and provide relief in our decretal paragraph.

**CONCLUSION**

After consideration of the entire record, we affirm only so much of the finding of guilty as to Specification 1 of Charge I, being a violation of Article 128, UCMJ, as follows;

> In that [appellant], U.S. Army did, at or near Joint Base Lewis-McChord, Washington, on or about 17 March 2015, unlawfully hold PFC [KO's] arm.

The remaining findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3