# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant CHICQUELL R. GILMORE**
**United States Army, Appellant**

ARMY 20170273

Headquarters, Fort Stewart
John S. T. Irgens, Military Judge
Colonel Michael D. Mierau Jr., Staff Judge Advocate

For Appellant: Captain Cody Cheek, JA; Major Brian J. Sullivan, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan R. Cronin, JA; Captain Cody Cheek, JA; Major Brian J. Sullivan, JA (on brief in response to specified issues).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Austin L. Fenwick, JA (on brief in response to specified issues).

25 January 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of wrongfully distributing cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.SC § 912a (2012) [UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for sixty days, and a reduction to the grade of E-1.

This case is before this court under Article 66, UCMJ. Defense appellate counsel did not assign any error on appellant's behalf. On 6 December 2017, this court specified two issues:

> I. DID APPELLANT MAKE A KNOWING AND
> VOLUNTARY WAIVER OF THE DEFENSE OF
> ENTRAPMENT?

II. IF APPELLANT'S WAIVER OF THE DEFENSE OF
ENTRAPMENT WAS NOT KNOWING AND
VOLUNTARY, WHAT, IF ANY, RELIEF DOES
APPELLANT REQUEST?

## BACKGROUND

This case stems from a one-time distribution of cocaine by appellant to another soldier who, as it turned out, was acting as a Criminal Investigation Command (CID) source (source). The source asked appellant to acquire some cocaine for the source's "brother." Appellant initially declined the request. However, after several more requests, appellant acceded to the request. Appellant contacted an employee at a local club whom he thought might have access to cocaine. The employee obtained some cocaine and rode with appellant to a parking lot to meet the source. There, appellant took the cocaine from the employee, gave it to the source's brother (an undercover CID agent), and completed the transaction. Appellant made no profit from the transaction.

There is no evidence before this court that appellant ever used, possessed, or sold cocaine before this transaction. The stipulation between the government and defense attests to this fact. The only reason in this record appellant became involved in this transaction was to "get the CID source of off his back." After this incident, the source attempted to get appellant to obtain more cocaine but appellant avoided the source, going so far as to change his telephone number. Eventually, the source ended his attempts to arrange another cocaine transaction with appellant. In the stipulation of fact and the offer to plead guilty, appellant disclaimed the existence of any defense, to include the defense of entrapment.

During the providence inquiry, the military judge, at the government's request, asked the appellant some questions that seemed to implicate the defense of entrapment. The military judge, however, did not explain the defense of entrapment to appellant during the providence inquiry. It is also not clear from appellant's responses that he understood such a defense existed or that he knowingly and voluntarily waived it. Nonetheless, the military judge accepted appellant's plea.

## LAW AND ANALYSIS

We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). To establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea . . . ." *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). Once the military judge has accepted the pleas and entered findings based upon them, we will not set them aside unless we find a substantial conflict between the pleas and the accused's statements

or other evidence of record. *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007). More than a "mere possibility" of conflict is required. *Id.* (internal citation and quotation marks omitted). Instead, we must find "something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. The existence of an affirmative defense constitutes a matter inconsistent with a plea of guilty. *Shaw*, 64 M.J. at 462. Accordingly, under Article 45(a), UCMJ, a military judge must resolve apparent defenses through further inquiry, or the guilty plea must be rejected. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996) (internal citation omitted). Under Rule for Courts-Martial 916(g), entrapment is an affirmative defense.

Appellant now contends his pleas of guilty were improvident because the military judge "failed to properly resolve the apparent affirmative defense of entrapment." (Appellant Br. at 9). The military judge did not explain the defense of entrapment to appellant during the providence inquiry. The government concurs with appellant and concedes the case should be remanded based on appellant's lack of a knowing and voluntary waiver of the defense of entrapment. (Gov't Br. at 1). We agree.

## CONCLUSION

The findings of guilty and the sentence are SET ASIDE. A rehearing by the same or a different convening authority is authorized.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court