*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, STEPHENS, and KOVAC,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Daulton R. HUNTINGTON**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201900218**

Decided: 8 April 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Military Judges:
Terrance J. Reese (arraignment)
Keaton H. Harrell (trial)

Sentence adjudged 31 May 2019 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for four months, and a bad-conduct discharge.

For Appellant:
*Commander Robert D. Evans, JAGC, USN*

For Appellee:
*Lieutenant Jennifer Joseph, JAGC, USN*
*Lieutenant Kimberly Rios, JAGC, USN*

_____

**This opinion does not serve as binding precedent,
but may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

Pursuant to his pleas, Appellant was convicted of conspiracy, larceny, and housebreaking, in violation of Articles 81, 121, and 130, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 881, 921, 930 (2012).

Appellant raises one assignment of error alleging that the military judge who presided over the initial Article 39(a), UCMJ, session and arraignment failed to authenticate the first 12 pages of the trial record that documented those proceedings, as required by Rule for Courts-Martial [R.C.M.] 1104(a)(2)(A) (2016 ed.). We have examined the record of trial and the pleadings of the parties. We find that the findings and sentence are correct in law and fact and there is no error materially prejudicial to the substantial rights of Appellant. Arts. 59(a), 66(c), UCMJ (2019).[1]

## I. BACKGROUND

Appellant's trial was conducted before two separate military judges. The initial arraignment, covering the first twelve pages of the record, was conducted on 13 May 2019 before Judge Reese. The remainder of the trial, to include the guilty pleas and sentencing, was conducted on 31 May 2019 by another military judge, Judge Harrell. The trial was also transcribed by two separate court reporters with Sergeant B transcribing the arraignment and Lance Corporal [LCpl] S transcribing the guilty pleas and sentencing.

At the conclusion of the court-martial, Judge Harrell verified that the "record of trial contains all the items required under R.C.M. 1112(f) [2019 ed.], and the pleas,

---

[1] Appellant also highlights two additional errors in his record of trial. *See* Appellant's Brief at 2, n.2 and 3, n.3 (incorrect references in cover sheet of the certified record of trial and incorrect name provided in the plea inquiry). These errors are not alleged as formal assignment of errors. Nonetheless, we find no prejudice to Appellant as a result of these scrivener's errors. The Record of Trial adequately reflects the forum of Appellant's trial and reveals no substantial basis in law or fact to question the providence of Appellant's guilty plea. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

findings, and sentence are accurately reflected in the transcript accompanying the record of trial."[2] LCpl S then executed a "Court Reporter Certification of Transcript" certifying "that this written transcript is a true, accurate and complete copy of the audio or other electronic recording of the court-martial proceeding in the case of U.S. v. Lance Corporal D. Huntington, USMC, which was held at Camp Lejeune, NC on 31 May 2019."[3] The record further contains a second certification, executed by Gunnery Sergeant F, USMC, Court Reporter Chief, that certifies the entire record of trial as "contain[ing] all the items required under R.C.M. 1112(f) [2019 ed.], and the pleas, findings, and sentence are accurately reflected in the transcript accompanying the record of trial ."[4] Neither military judge "authenticated" the record of trial.

## II. DISCUSSION

This case turns on applying the correct post-trial procedures in light of the enactment of the Military Justice Act of 2016 [MJA-16].[5] Appellant contends that his case is governed by Rule for Courts-Martial [R.C.M.] 1104 (2016 ed.) which requires that the record of trial be authenticated by each military judge who presided over the court-martial proceedings. However, Appellant's charges were referred to a special court-martial on 18 March 2019, which is after the 1 January 2019 effective date of MJA-16. *See* Executive Order 13825, 83 Fed. Reg. 9889 (Mar. 8, 2018) (detailing the effective dates of MJA-16); MJA-16 at § 5542 (effective dates). Therefore, Appellant's case is governed by the provisions enacted by MJA-16 which notably eliminated the requirement for authentication by military judges and amended the post-trial requirements for processing records of trial. *See* MJA-16 at § 5238 (amending Article 54, UCMJ, 10 U.S.C. § 854). The 2019 UCMJ now requires only "certification" of the record of trial by a court-reporter. The relevant UCMJ provision specifically states:

> (a) GENERAL AND SPECIAL COURTS-MARTIAL—Each general or special court-martial shall keep a separate record of the proceedings in each case brought before it. The record shall be *certified by a court-reporter*, except that in the case of death, disability, or absence of a

---

[2] Record at 101 (Military Judge Verification dated 18 July 2019).

[3] *Id.* at 100 (Certification dated 22 July 2019).

[4] *Id.* at 102 (Certification dated 23 July 2019).

[5] The MJA-16 is found at Division E, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001-5542,130 Stat. 2000 (2016).

court reporter, the record shall be certified by an official selected as
the President may prescribe by regulation.

10 U.S.C. § 854 (2019) (emphasis added). This change is also reflected in the new
R.C.M. 1112(c) (2019 ed.). Accordingly, for cases referred after the MJA-16 effective
date of 1 January 2019, there is no longer the requirement for military judges to
authenticate the record of trial.

In Appellant's case, the record of trial was properly certified in accordance with
the requirements enacted by the MJA-16. On 22 July 2019, LCpl S certified that the
record of trial was a "true, accurate and complete copy of the audio or other electron-
ic recording" of the proceedings held on 31 May 2019.[6] One day later, on 23 July
2019, the Court Reporter Chief certified that the "record of trial contains all the
items required under R.C.M. 1112(f) [(2019 ed.)], and the pleas, findings, and
sentence are accurately reflected in the transcript accompanying the record of
trial."[7] We find that these certifications correctly conform to the new post-trial
processing procedures for records of trial enacted by the MJA-16. Accordingly,
Appellant's assignment of error is without merit.[8]

## III. CONCLUSION

The findings and sentence are **AFFIRMED**.

---

[6] Record at 100.

[7] *Id.* at 102.

[8] The requirements for the post-trial processing of records of trial are also reflected in the
recently promulgated JAG/COMNAVLEGSVCCOMINST 5814.1D of 6 Sept 2019
[JAG/CNLSCINST 5814.1D]. This instruction follows 10 U.S.C. § 854 (2019) and R.C.M. 1112
(2019 ed.) and requires that records of trial be certified by a court reporter.
JAG/CNLSCINST 5814.1D at para. 5(m). "These procedures are intended to ensure expedi-
tious and efficient handling of cases from sentencing through the certification of the ROT."
*Id.* at para. 1. The instruction does not require "authentication" by a military judge, but
instead, requires that a military judge "verify" the record of trial and all attachments. *Id.* at
para. 5(l). This verification requirement was followed in Appellant's case through the
verification executed on 18 July 2019 by Judge Harrell. Record at 101. We have not been
asked, nor do we address, the issue of whether verification must be completed by each
military judge that participated in court-martial proceedings.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court