# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class WILLIE PADILLA**
**United States Army, Appellant**

ARMY 20130874

Headquarters, 1st Cavalry Division
Rebecca K. Connally, Military Judge
Colonel R. Tideman Penland, Jr., Staff Judge Advocate (trial)
Colonel Alison C. Martin, Staff Judge Advocate (new recommendation and action)

For Appellant:  Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major John K. Choike, JA (on brief).

29 October 2015

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial, convicted appellant, pursuant to his pleas, of one specification of desertion and two specifications of absence without leave (AWOL) terminated by apprehension in violation of Articles 85 and 86, Uniform Code of Military Justice, 10 U.S.C. §§  885, 886 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, and reduction to the grade of  E-1.  Pursuant to a pretrial agreement, the convening authority only approved so much of the sentence as provided for a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1.  On 23 April 2015, this court set aside the convening authority's action and returned the record of trial to The Judge Advocate General for remand for a new staff judge advocate recommendation and convening authority action.  The new convening authority approved only so much of the sentence as

provided for a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1 and credited appellant with thirty days of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error that we find meritless. We find one of the two issues raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) warrants discussion and relief.

## BACKGROUND

Appellant was charged with one specification of desertion, in violation of Article 85, UCMJ, and two specifications of AWOL, terminated by apprehension, under Article 86, UCMJ. Prior to trial, appellant entered into a pretrial agreement wherein he agreed to plead guilty to all charges and specifications.

At trial, appellant entered pleas of guilty consistent with his pretrial agreement. At the outset, the military judge listed the elements for AWOL terminated by apprehension and defined "apprehension" in accordance with the Military Judges' Benchbook. Appellant acknowledged he understood the definition and admitted the elements as set forth by the military judge. The military judge then engaged in the following colloquy with appellant regarding the termination by apprehension element of Specification 1 of Charge II:

> MJ:  Under what circumstances was your return? Was it voluntary or involuntary?
>
> ACC:  I was arrested and they brought me back. So it was involuntary, Your Honor.
>
> MJ:  Do you know why you were arrested? Were you arrested on a deserter warrant? Were you informed?
>
> ACC:  I was at a family gathering and got into an altercation. At that point, the police were going to run my name. At that point, I knew that I was caught so I told them I was AWOL from the United States Army. When they checked the warrant came up and that is when they arrested me.
>
> MJ:  So you knew you were caught at that time?
>
> ACC:  Yes, ma'am.
>
> MJ:  You were not voluntarily turning yourself in because of your desire to right a wrong and come back to your unit?

ACC:  No, Your Honor.

MJ:  You agree that your absence was terminated by apprehension as I defined for you earlier and specifically defined under the circumstances like if you were arrested by civilian authorities.  Do you remember that definition of apprehension?

ACC:  Yes, Your Honor.

. . .

MJ:  The civilian authorities learned of your military status in some other way other than by a voluntary disclosure by you or by some person acting on your request.  However, you stated that you knew that you were caught and you had no desire to voluntarily turn yourself in if you had not been caught at the party.

ACC:  At that point in time, the only reason that I told them about it is because they were going to run my name and they were going to search for my warrant, Your Honor.

MJ:  Otherwise, you would not have told them.  Is that correct?

ACC:  Yes, Your Honor.

## LAW AND DISCUSSION

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion [we] apply a substantial basis test:  Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea." *Id.* at 322 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted).  There exists a substantial basis in fact to question a plea of guilty where a military judge "fails to obtain from the accused an adequate factual basis to support the plea." *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)).  "[T]o establish an adequate factual predicate for a guilty plea, the military judge must elicit 'factual circumstances as revealed by the accused himself [that] objectively support that plea[.]'" *Jordan*, 57 M.J. at 238 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)) (alterations in original).

3

In this case, there exists a substantial basis in fact to question the providence of appellant's plea to AWOL terminated by apprehension regarding Specification 1 of Charge II. To establish that an absence was terminated by apprehension, "the facts on the record must establish [the] return to military control was involuntary." *United States v. Gaston*, 62 M.J. 404, 405 (C.A.A.F. 2006). "Apprehension contemplates termination of the accused's absence in an involuntary manner; and termination otherwise is an absence ended freely and voluntarily." *Id*. at 406. (citing *United States v. Fields*, 13 U.S.C.M.A. 193, 196, 32 C.M.R. 193, 196 (1962)) (internal quotation marks omitted). Mere proof of apprehension by civilian authorities is insufficient to establish that a return to military control is involuntary. *Id. Fields,* 32 C.M.R. at 197. Rather, in order to establish the absence was terminated by apprehension, the record must indicate the apprehension was "connected with or done on behalf of the military authorities." *Id.*

Here, we do not find a sufficient factual predicate to establish appellant's absence was terminated by apprehension. While appellant did state he believed he was caught and would not have turned himself in otherwise, the record does not establish that he disclosed his status to avoid trial, prosecution, punishment, or other criminal action at the hands of civilian authorities. In fact, he may not have been arrested, but for his voluntary disclosure to the police that he was AWOL.

To assist in our review of the adequacy of the plea, we next look to the stipulation of fact. The stipulation of fact provided as follows with regard to the termination by apprehension element:

> The Accused's absence was terminated by apprehension because neither the Accused nor anyone on the Accused's behalf notified the police officer who apprehended him of his unauthorized absence status until after he was detained. Had the police officer not found the warrant, the Accused would not have returned to military control at that time.

The foregoing paragraph contained in the stipulation of fact supports the view that appellant voluntarily notified the police of his AWOL status without prompting. Appellant's *ipse dixit* during the colloquy that his return to duty was involuntary is not dispositive. We conclude there is a substantial basis in fact to question his plea.

## CONCLUSION

Accordingly, upon consideration of the entire record, submission by the parties, and those matters personally raised by appellant pursuant to *Grostefon*, we affirm only so much of the findings of guilty of Specification 1 of Charge II as finds that:

**PADILLA** —ARMY 20130874

>[Appellant], U.S. Army, did, on or about 31 July 2008, without authority, absent himself from his unit, to wit: D Company, 1st Battalion, 5th Cavalry Regiment, 2d Brigade Combat Team, 1st Cavalry Division, located at Fort Hood, Texas, 1st Cavalry Division, located at Fort Hood, Texas, and did remain so absent until on or about 2 June 2010.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principals of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the court AFFIRMS the sentence.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5