# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAYSHAWN M. GUICE**
**United States Army, Appellant**

ARMY 20150774

Headquarters, 1st Infantry Division and Fort Riley
Charles L. Pritchard, Jr., Military Judge
Colonel Warren L. Wells, Staff Judge Advocate

For Appellant: Major Christopher D. Coleman, JA; Captain J. David Hammond, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A. G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Vincent S. Scalfani, JA (on brief).

25 October 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification each of possessing and distributing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, forty-five months confinement, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved so much of the sentence as provided for a dishonorable discharge, confinement for thirty months, and reduction to E-1.

We review this case under Article 66, UCMJ, and grant relief based on a partially-insufficient providence inquiry. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991); UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

With respect to each specification, appellant was found guilty of criminal acts that were charged as "being to the prejudice of good order and discipline in the

armed forces and of a nature to bring discredit to the armed forces." However, neither the providence inquiry nor stipulation of fact describe how appellant's misconduct prejudiced good order and discipline. In fact, when the military judge asked appellant about this terminal element, appellant indicated his criminality did not have any such prejudicial effect.

The government concedes the error described above, which is the only one appellant assigns. We agree with the parties' assessment.

In all other respects, the providence inquiry was sound.

**CONCLUSION**

The court AFFIRMS only so much of the findings of guilty of the specifications of The Charge as finds:

> Specification 1. In that Specialist Dayshawn M. Guice, U.S. Army, did, at or near Fort Riley, Kansas, between on or about 1 July 2012 and on or about 19 March 2014, knowingly and wrongfully possess child pornography, to wit: digital images and videos of a minor, or what appears to be a minor, engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed forces.

> Specification 2. In that Specialist Dayshawn M. Guice, U.S. Army, did, at or near Fort Riley, Kansas, on or about 12 January 2014, knowingly and wrongfully distribute child pornography, to wit: digital images of a minor, or what appears to be a minor, engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed forces.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been

deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court