# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40247**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Douglas G. LARA**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 June 2023

————————————

*Military Judge:* Matthew N. McCall.

*Sentence:* Sentence adjudged 27 September 2021 by GCM convened at Hurlburt Field, Florida. Sentence entered by military judge on 28 October 2021: Bad-conduct discharge and 12 months of confinement.

*For Appellant:* Major Stuart J. Anderson, USAF; Major Nicole J. Herbers, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major Deepa M. Patel, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, RAMÍREZ, and GRUEN, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Chief Judge JOHNSON and Judge GRUEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A military judge found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of attempt to view child pornography in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, and one specification of willful dereliction of duty for failing to refrain from storing, processing, displaying, and transmitting pornography, sexually explicit material, or sexually oriented material while on duty, in violation of Article 92, UCMJ, 10 U.S.C. § 892.[1]

Appellant's plea agreement provided, among other things, that two originally charged specifications would be withdrawn and dismissed with prejudice and there would be a minimum and a maximum sentence that could be adjudged.[2] It also stated, among other things, that the sentence would not include a dishonorable discharge. The military judge sentenced Appellant to a bad-conduct discharge and 12 months of confinement for the attempt to view child pornography specification and 2 months for the willful dereliction of duty specification, with the terms of confinement to run concurrently. The convening authority took no action on the findings or the sentence.

Appellant raised four issues on appeal which we reworded as follows: (1) whether Appellant received ineffective assistance of counsel regarding sex offender registration requirements; (2) whether the military judge abused his discretion when he accepted Appellant's guilty plea despite the information he received concerning sex offender registration requirements; (3) whether Appellant's guilty plea to attempted viewing of child pornography was improvident; and (4) whether Appellant's guilty plea to willful dereliction of duty was improvident.

On 10 April 2023, we issued an unpublished opinion where we found that Appellant's pleas of guilty were not knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. We ultimately set aside the findings of guilty as to all charges and specifications as well as the sentence and authorized a rehearing. *United States v. Lara*, No. ACM 40247, 2023 CCA LEXIS 160, at *19 (A.F. Ct. Crim. App. 10 Apr. 2023) (unpub. op.).

---

[1] All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The plea agreement stated that for the attempt to view child pornography offense, Appellant would be sentenced to a minimum of 12 months of confinement and a maximum of 18 months of confinement. It also stated that for the dereliction of duty offense, Appellant would be sentenced to a minimum of one month of confinement and a maximum of six months of confinement. Finally, it stated that any adjudged periods of confinement would run concurrently.

On 10 May 2023, the Government filed a motion for reconsideration. Appellant filed his opposition on 17 May 2023, and after considering the opposing filings, we granted the motion for reconsideration.

After reconsideration, we withdraw the prior opinion and issue this opinion to address what the Government refers to as this court's "misapprehension" concerning federal sex offender requirements. We again find that Appellant's pleas of guilty were not knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences, and we set aside the findings of guilty as to all charges and specifications as well as the sentence and authorize a rehearing.

## I. BACKGROUND

Appellant stipulated that between March 2019 and December 2019, on multiple occasions, he attempted to view child pornography on his personally owned communication systems and equipment. Appellant further stipulated that, during the same timeframe, he was derelict in the performance of his duties in that he willfully failed to refrain from storing, processing, displaying, and transmitting pornography, sexually explicit material, or sexually oriented material on government computer systems while on duty. Specifically, Appellant told the military judge he was viewing adult pornography on his government computer, at work, in an attempt to prevent his wife from catching him viewing pornography on his home computer after she installed software on the home computer for that purpose. According to Appellant, he would look at pornography at work in an effort to "get away with it."

Appellant was represented by two military trial defense counsel who assisted Appellant in negotiating a plea agreement with the convening authority. The plea agreement was signed by all parties on 13 September 2021. On 24 September 2021, Appellant and his trial defense counsel signed a memorandum, which was prepared by both defense counsel.[3] The memorandum concerns sex offender registration. In relevant part, it provides:

---

[3] During the pendency of his appeal, Appellant filed a declaration and attachments with this court to support his allegations of ineffective assistance. In response to an order from this court, trial defense counsel, Major CB and Captain ET, provided responsive declarations as well as attachments, including the memorandum evidencing the advice. We considered Appellant's declaration, the declarations of trial defense counsel, and the attachments to resolve the claim of ineffective assistance of counsel. *See United States v. Jessie*, 79 M.J. 437, 442 (C.A.A.F. 2020) (noting with approval that Courts of Criminal Appeals have considered declarations "when necessary for resolving claims of ineffective assistance of trial defense counsel").

You have been charged with attempting to view child pornography, a violation of Article 80 of the UCMJ. [Department of Defense Instruction (DODI)] 1325.7[4] requires Department of Defense officials to notify state and local law enforcement agencies, if you are found guilty of the charged offense. Additionally, if you are found guilty of a lesser included offense that is listed in DODI 1325.7, notification will also be required. If you are convicted of any offense listed in DODI 1325.7 you may be required to register as a sex offender in your state of residence.

The memorandum further contains an indorsement from Appellant which provides:

I, [Appellant], have read DODI 1325.7, Appendix 4 to Enclosure 2: Listing Offenses Requiring Sex Offender Processing. [Major CB] and [Captain ET] have informed me orally and in writing that I may be required to register as a sex offender if I am found guilty of any offense listed in DODI 1325.7, Appendix 4 to Enclosure 2. I fully understand if I plead guilty to, or I am found guilty of, any offense listed in DODI 1325.7, Department of Defense officials will notify state and local authorities of my conviction and I may be required to register as a sex offender. I fully understand that if I am required to register as a sex offender, I must comply with all sex offender registration laws and I may be subject to criminal prosecution if I fail to comply with all sex offender registration laws.

Three days later, on 27 September 2021, at Appellant's court-martial and prior to accepting Appellant's guilty pleas, the following exchange occurred on the record:

MJ [Military Judge]: So as to sex offender reporting and registration requirements, the court's reading of DoD Instruction[ ] 1325.07, [A]ppendix 4 of [E]nclosure 2, this offense does not require sex offender reporting and registration. Government, what is the [G]overnment's position?

TC [Trial Counsel]: Your Honor, that is the [G]overnment's understanding as well.

MJ: And understanding that this is the federal rule, [D]efense, I believe that you have already discussed this with your client?

---

[4] Department of Defense Instruction (DoDI) 1325.07, *Administration of Military Correctional Facilities and Clemency and Parole* (11 Mar. 2013, incorporating Change 4, 19 Aug. 2020). DoDI 1325.07 is also sometimes listed as DoDI 1325.7.

DC [Area Defense Counsel]: Yes, Your Honor, out of an abundance of caution with regard to the state rules, we did discuss the possibility of sex offender registration.

MJ: Okay. But just to make sure that it is clear, although that's -- it's impossible to say what some state authority might decide, you agree with the court's and the [G]overnment's interpretation that this offense that [Appellant] is pleading guilty to does not require sex offenses [sic] registration and reporting?

DC: That is correct, Your Honor.

MJ: So [Appellant], at this time -- well hold on while your counsel are talking.

CDC [Circuit Defense Counsel]: Could we have just a moment, Your Honor?

MJ: Sure, let's go ahead and we will slow things down. We are moving quite [along] this morning, so let's go ahead and take a recess and then we will come back on the record when you're ready to go forward. Court is in recess.

After a recess, the following exchange ensued:

MJ: Please be seated. Court is called [to] order. Parties are again present. All right, I believe where we left off, [Appellant] take a moment now and consult again with your defense counsel and tell me whether you still want to plead guilty. So take your time and talk with them.

[The accused conferred with his counsels.][5]

MJ: Do you still want to plead guilty?

ACC [Appellant]: Yes, Your Honor.

Part of trial defense counsel's declaration to this court provides more insight as to what occurred during the colloquy. Major CB's declaration states:

When the [m]ilitary [j]udge asked Defense specifically if advisement was required . . . a strategic decision was made that alerting the [c]ourt to a loophole, *would not* be in [Appellant]'s best interest, but would in fact be the opposite. If there was a loophole, an error in DODI 1325.7, or an error in the [m]ilitary [j]udge's reading of the requirements for such advisements, Defense was not going, to the detriment of our client, bring that to

---

[5] This bracketed comment is contained in the certified transcript of Appellant's court-martial.

the [c]ourt's attention. This strategy did not change the advice to [Appellant], nor did it change the substance of the advice and the consequences of which [Appellant] was advised that he could face as a product of his plea of guilty.

Shortly after the colloquy above, trial counsel asked to address the issue again.

CTC [Circuit Trial Counsel]: Your Honor, I apologize for interrupting. So just one point of clarification, earlier you had asked [Appellant] about reporting requirements of the DoDI?

MJ: Yes.

CTC: And just to make sure it is clear on the record that the [G]overnment's understanding that that instruction merely indicates what sort of offenses the federal government will actively report to the state. Not necessarily what a particular state's individual reporting requirements may be. And it is our understanding that the [D]efense has advised [Appellant] that even under the terms of the plea agreement, it is potentially possible that he may have to register given whatever law of the state that he may end up residing in.

MJ: Sure. So did we -- so did you give that advice in writing, [D]efense?

CDC: Your Honor, we did give that advice in writing. [Appellant] has been advised that a state may have different requirements than the federal and that this is based off of DoD reporting and federal reporting, [ ] *we have advised as you have.*

MJ: Okay. Do you want to make that an Appellate Exhibit, if you have that advice or?

CDC: Your Honor, our advice is tied to another legal document that's attorney[-]client privileged. Unless -- I don't think . . .

MJ: We don't make it -- I mean, you have put it on the record that you gave that advice.

CDC: Certainly.

MJ: And you understand that, [Appellant], that every state is different? When we talk about sex offender reporting and registration requirements, we are discussing on the federal level what the military would put on the confinement order and would report. *And it doesn't meet the federal requirements when it comes to the military*, but we can't necessarily say what effect it might have in every state.

ACC: Yes, Your Honor.

(Omission in original) (emphasis added).

After Appellant's court-martial, the staff judge advocate prepared the first indorsement to the "[S]tatement of [T]rial [R]esults," which states that sex offender notification is not required in accordance with DoDI 1325.07.

When Appellant was released from confinement, he received a document entitled, "United States Probation System Offender Notice and Acknowledgment of Duty to Register as a Sex Offender." This document explains Appellant's duty to register as a sex offender, under one of three tiers, pursuant to the Sex Offender Registration and Notification Act of 2006 (SORNA) codified at 34 U.S.C. § 20901, *et seq.* The document further explains that a specific state's requirements may be different than that provided pursuant to 34 U.S.C. § 20901, *et seq.*

However, Appellant claims in his declaration that "[p]rior to [his] offer to enter into a plea agreement, [he] was advised by [his] trial defense counsel that [he] would not have to federally register for Attempt to view Child Pornography." Appellant continues that he told "trial defense counsel about [his] concerns about sex offender registration requirements prior to the offer to plead guilty." Appellant then states that "[a]t the time that [he] entered into that agreement and when [he] was at [his] court-martial, it was [his] understanding that [he] did not have to federally register."

Regarding the military judge, Appellant claims in his declaration that the "military judge at [his] trial advised [him] on the record that this offense did not require federal registration."

Appellant explains that he "understood that [his] federal conviction and potential sex offender registration requirements imposed by various [s]tates would impact where [he and his family] could live and what jobs [he] could do." Appellant claims prejudice, arguing he "did not know [he] would have to federally register, which now makes any location or job search more difficult." Additionally, Appellant claims that his "concern for [his] minor children and being able to provide for them is documented in both [his] oral and written unsworn statement, which [he] conferred on with [his] trial defense counsel."

Appellant concludes his declaration stating: "I would not have [pleaded] guilty nor entered into a plea agreement if I knew I would have to federally register for attempt to view child pornography."

7

## II. DISCUSSION

### A. Law

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Riley*, 72 M.J. 115, 119 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). "An abuse of discretion occurs when there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.* (internal quotation marks omitted).

A guilty "plea is more than an admission of past conduct; it is [an accused]'s consent that judgment of conviction may be entered without a trial -- a waiver of his right to trial before a jury and judge." *Riley*, 72 M.J. at 120 (internal quotation marks and citation omitted). Such waivers "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* (internal quotation marks and citation omitted). Sex offender registration requirements are some of those relevant circumstances and likely consequences. *See id.* at 121 ("[W]e hold that in the context of a guilty plea inquiry, sex offender registration consequences can no longer be deemed a collateral consequence of the plea.").

Trial "defense counsel must inform the accused of [sex offender registration] consequences, but it is the military judge who bears the ultimate burden of ensuring that the accused's guilty plea is knowing and voluntary." *Id.* at 122.

There are three different, but interrelated, aspects of sex offense registration pertinent to this case: (1) the federal statute (34 U.S.C. § 20901, *et seq.*) (SORNA) which requires mandatory sex offender registration for those who are convicted of offenses within the statute's scope; (2) DoDI 1325.07 which identifies offenses that trigger mandatory sex offender reporting; and (3) state laws concerning registration for qualified sex offenses. *See United States v. Miller*, 63 M.J. 452, 459 (C.A.A.F. 2006); *United States v. Torrance*, 72 M.J. 607, 611–12 (A.F. Ct. Crim. App. 2013).

"[T]rial defense counsel should inform an accused prior to trial as to any charged offense listed on the DoD Instr[uction] 1325.7 [ ]: Listing Of Offenses Requiring Sex Offender Processing." *Miller*, 63 M.J. at 459 (citation omitted). Additionally, trial "defense counsel must be aware of the federal statute that requires mandatory reporting and registration for those who are convicted of offenses within the statute's scope, as well as DoDI 1325.7, which identifies offenses that trigger mandatory sex offender reporting." *Torrance*, 72 M.J. at 611–12 (internal quotation marks, brackets, and citation omitted.) "Trial defense counsel should also state on the record of the court-martial that counsel has complied with this advice requirement." *Miller*, 63 M.J. at 459. "While failure to so advise an accused is not per se ineffective assistance of counsel, it will

be one circumstance [an appellate c]ourt will carefully consider in evaluating allegations of ineffective assistance of counsel." *Id*. However, "[g]iven the plethora of sexual offender registration laws enacted in each state, it is not necessary for trial defense counsel to become knowledgeable about the sex offender registration statutes of every state." *Id.*

The federal statute (SORNA) directs the creation of the National Sex Offender Registry. 34 U.S.C. § 20921(a). The federal statute also specifically states that a sex offender must register in each jurisdiction where he resides, where he is an employee, and where he is a student. 34 U.S.C. § 20913(a). This requirement applies to military members regardless of whether their court-martial resulted in confinement or not. 34 U.S.C. § 20931(1)(A)–(B). An official must provide the sex offender with a form that provides him with the duties and responsibilities necessary to register pursuant to SORNA. 34 U.S.C. § 20919(a)(1)–(3). If serving confinement, the sex offender must register before completing his sentence. 34 U.S.C. § 20913(b)(1). The statute defines "sex offender" as "an individual who was convicted of a sex offense," and provides several meanings of a "sex offense," to include "a military offense specified by the Secretary of Defense," 34 U.S.C. § 20911(1), (5)(A)(iv), and "a criminal offense that is a specified offense against a minor," 34 U.S.C. § 20911(5)(A)(ii). In turn, the term "specified offense against a minor" includes possession of child pornography or "[a]ny conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(G), (I). Our superior court has recognized that "[c]hild pornography is a continuing crime" against the depicted child. *United States v. Barker*, 77 M.J. 377, 381 (C.A.A.F. 2018) (citing *Paroline v. United States*, 572 U.S. 434, 440 (2014)) (additional citation omitted). Moreover, an "attempt" to commit a sex offense as defined by the statute is itself a sex offense for purposes of SORNA. 34 U.S.C. § 20911(5)(A)(v).

A military judge has a duty to ensure that trial defense counsel has complied with their obligation to advise an accused concerning sex offender registration requirements. *Riley*, 72 M.J. at 122. The Military Judges' Benchbook "simply instruct[s] the military judge to ensure that defense counsel [has] complied" with our superior court's requirements for advice regarding sex offender registration requirements. *Id*. This is "clearly consistent with a military judge's responsibilities while conducting a plea inquiry." *Id*. "Given the lifelong consequences of sex offender registration, which is a particularly severe penalty," a military judge's failure to ensure an appellant understood the sex offender registration requirements of his guilty plea may result in a substantial basis to question the providence of an appellant's plea. *Id*. (internal quotation marks and footnote omitted).

In order to determine whether an appellant's plea was knowing and voluntary, or whether trial defense counsel were ineffective on such a matter, we look to the record of trial. *Id*. at 120; *see also United States v. Jessie*, 79 M.J.

437, 442 (C.A.A.F. 2020) (noting Courts of Criminal Appeals may consider declarations "when necessary for resolving claims of ineffective assistance of trial defense counsel"). However, "[d]etermining whether a plea is voluntary is by no means an exact science." *United States v. Perron*, 58 M.J. 78, 85 (C.A.A.F. 2003).

"The remedy for finding a plea improvident is to set aside the finding based on the improvident plea and authorize a rehearing." *Riley*, 72 M.J. at 122 (citations omitted).

**B. Analysis**

As we explained above, there are three different, but interrelated, aspects of sex offense registration pertinent to this case: the federal statute, 34 U.S.C. § 20901, *et seq.* (SORNA); DoDI 1325.07; and state laws concerning registration. *See Torrance*, 72 M.J. at 611–12. Appellant takes issue with the statutory federal registration requirements. There is nothing in (1) trial defense counsel's "Offenses Requiring Sex Offender Processing Advisement," (2) Appellant's indorsement, or (3) the trial transcript indicating that Appellant was ever notified that he may have to register as a sex offender under 34 U.S.C. § 20901, *et seq.*, the federal statutory registration requirements.

Further, during the court-martial, the military judge conducted his own legal analysis of the sex offender registration requirement "on the federal level" only, by way of "what the military would put on the confinement order and would report," because as he explained to Appellant and his trial defense counsel, "every state is different." The military judge told Appellant that Appellant's offense "doesn't meet the federal requirements when it came to the military," and therefore, the Department of Defense was not required to report Appellant's offenses. The military judge referred to the DoDI as the "federal rule," but never discussed the federal statutory registration framework under 34 U.S.C. § 20901, *et seq.*

Trial counsel also agreed with the military judge's interpretation and apparently the staff judge advocate did as well, given his annotations in the indorsement to the Statement of Trial Results. Indeed, by all indications, these individuals were under the impression that Appellant would not be required to register as a sex offender pursuant to the Department of Defense instruction, but were all silent as to 34 U.S.C. § 20901, *et seq.* However, it turned out Appellant did have a federal requirement to register, and this oversight did not come to light until Appellant's release from confinement.

On appeal, Appellant's trial defense counsel suggest they might have understood the military judge's interpretation was incorrect, but made the "stra-

tegic" decision not to highlight a possible "error in the [m]ilitary [j]udge's reading of the requirements for such advisements" by bringing the matter to the court's attention.

In our original opinion, we explained that the Government had not challenged Appellant's assertions that he was required to register pursuant to the federal statute. In its motion for reconsideration, the Government acknowledged that its "original Answer focused on Appellant's inability to prove he had ever actually registered as a 'federal sex offender,' [but the] Motion for Reconsideration should cement the Government's firm challenge."

During Appellant's guilty plea colloquy, trial defense counsel avoided the military judge's question with regards to the DoD Instruction and were completely silent as to 34 U.S.C. § 20901, *et seq.*:

> MJ: And understanding that this is the federal rule, [D]efense, I believe that you have already discussed this with your client?
>
> DC: Yes, Your Honor, out of an abundance of caution with regard to the state rules, we did discuss the possibility of sex offender registration.

Then trial defense counsel put on the record that they agreed with the military judge's reading of the law:

> MJ: Okay. But just to make sure that it is clear, although that's -- it's impossible to say what some state authority might decide, you agree with *the court's and the [G]overnment's interpretation that this offense that [Appellant] is pleading guilty to does not require sex offenses* [sic] *registration and reporting?*
>
> DC: *That is correct, Your Honor.*

(Emphasis added).

Shortly afterwards, trial defense counsel put on the record, "[W]e have advised as you have," telling the military judge that they advised Appellant that his plea did not require sex offender registration and reporting pursuant to the DoDI, but were again silent as to 34 U.S.C. § 20901, *et seq.*

In determining whether Appellant's plea was knowing and voluntary, we have looked to the record of trial and the documents submitted by Appellant and trial defense counsel. We find that Appellant's plea may have been voluntary but was not a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *See Riley*, 72 M.J. at 121. Specifically, because Appellant was not properly informed about sex offender registration pursuant to the federal statute, 34 U.S.C. § 20901, *et seq.*, we find that his plea of guilty was not a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.

While the Government takes issue with the distinction that the federal statute, 34 U.S.C. § 20921*,* creates a national sex offender registry derived from the various sex offender registries of lower jurisdictions, rather than creating an independent, federal registry, this distinction is not the relevant point. Whether Appellant had to register for a uniquely federal registry or had to register with a state or territory pursuant to a federal statute, the bottom line is that Appellant was never informed by trial defense counsel of the registration requirements pursuant to 34 U.S.C. § 20901, *et seq. See Torrance*, 72 M.J. at 611–12. ("[Trial] defense counsel must be aware of the federal statute that requires mandatory reporting and registration for those who are convicted of offenses within the statute's scope."). According to the federal statute, a conviction for an attempt to view child pornography falls within the meaning of "sex offense" and would foreseeably have required an individual to register as a sex offender.

Additionally, the military judge had a duty to ensure that trial defense counsel complied with their obligation to advise Appellant concerning sex offender registration requirements. The military judge addressed the DoDI and stated that the requirement for "every state is different," but did not address 34 U.S.C. § 20901, *et seq.,* with Appellant. In addition, the military judge did not ask trial defense counsel whether they advised Appellant with regards to the requirements of 34 U.S.C. § 20901, *et seq.* Because of the lifelong consequences of sex offender registration, the military judge's failure to ensure trial defense counsel advised Appellant about the federal statutory sex offender registration requirements of his guilty plea raises the question as to whether a substantial basis exists to question the providence of Appellant's plea of guilty.

Appellant makes clear in his declaration that he "would not have [pleaded] guilty nor entered into a plea agreement if [he] knew [he] would have to federally register for attempt to view child pornography." Again, we do not see this as an issue of an independent federal registry, but the requirements of the federal statute, which are distinct from the DoDI and any state requirement. Nonetheless, we read Appellant's declaration to mean he would not have entered into a plea agreement as to either offense knowing the consequences of a plea of guilty as to the one offense. We find Appellant's assertion plausible in light of the long-term impact of sex offender registration, and accordingly we find a substantial basis to question the providency of his guilty pleas. *See Riley*, 72 M.J. at 122 (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

Therefore, we set aside the findings and the sentence and authorize a rehearing.

### III. CONCLUSION

The findings of guilty as to all Charges and Specifications are **SET ASIDE**. The sentence is **SET ASIDE**. A rehearing is authorized. The record of trial is returned to The Judge Advocate General. Article 66(f), UCMJ, 10 U.S.C. § 866(f). Thereafter, Article 66(b), UCMJ, 10 U.S.C. § 866(b), will apply.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court