*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, GANNON, and FLINTOFT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Joshua J. RENTAS**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202500082**

_____

Decided: 30 April 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Cory A. Carver (Arraignment)
Thomas R. Fricton (Trial and Entry of Judgment)

Sentence adjudged 2 December 2024 by a general court-martial tried at Camp Foster, Marine Corps Base Butler, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 36 months, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Lieutenant Commander Christopher C. McMahon, JAGC*
*Mr. Benjamin N. Young, Esq.*

*1 May 2026: Administrative correction of minor typographical errors.*

For Appellee:
*Lieutenant Erin Bourneuf, JAGC USN*
*Major Mary Claire Finnen, USMC*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

Appellant was convicted, consistent with his pleas, of four specifications of possession of child pornography and one specification of distribution of child pornography in violation of Article 134 of the Uniform Code of Military Justice (UCMJ).[1] Appellant asserts two assignments of error (AOEs): (1) whether Appellant's pleas were improvident; and (2) whether trial defense counsel provided ineffective assistance of counsel.

## I. BACKGROUND

In accordance with a plea agreement, Appellant pleaded guilty to possessing child pornography on four electronic devices: two laptop computers, an iPhone, and a separate external hard drive. He also pleaded guilty to distribution of child pornography.[2] When he submitted his proposed plea agreement to the convening authority, Appellant attached a "letter of apology" explaining that he was sorry for possessing and distributing child pornography and explaining how it had happened.[3] He had previously made a confession to Naval Criminal Investigative Service (NCIS) agents and consented to the search and seizure of his electronic devices.[4]

Appellant's providence inquiry was thorough and detailed. At one point, with respect to one of the specifications (Specification 2: possession of child pornography on the external hard drive), Appellant asserted that he had put

---

[1] 10 U.S.C. § 934.

[2] R. at 20.

[3] App. Ex. XI.

[4] App. Ex. V.

the hard drive in "the trash can."[5] Trial counsel immediately asked for a recess, which lasted approximately eight minutes.[6] After the recess, the providence inquiry continued and Appellant explained that by "trash" he meant that he had put the hard drive in a desk drawer that was "full of a bunch of trash."[7] He also explained that he had transferred the data on the hard drive, including some of the child pornography files, onto a different laptop.[8] He planned to eventually get rid of the hard drive.[9] The military judge ultimately accepted his pleas, found him guilty of all five specifications, and sentenced him, pursuant to the specific sentence in the plea agreement: dishonorable discharge; confinement for 36 months for each specification (all to be served concurrently); reduction to E-1; and forfeiture of all pay and allowances.[10]

## II. DISCUSSION

Appellant raises two related AOEs pursuant to *United States. v. Grostefon*:[11] (1) that his pleas were improvident because both his defense counsel and trial counsel pressured him during the recess into continuing to plead guilty, and therefore his guilty pleas were not voluntary; and (2) that his defense counsel was ineffective for failing to obtain the services of a digital forensic expert.[12] In support of his appeal, Appellant twice moved this Court to attach a post-trial declaration to the record. This Court denied Appellant's Motion to Attach, and further denied Appellant's Motion to Reconsider this denial. We now reconsider our rulings and grant Appellant's Motion to Attach.

---

[5] R. at 46.

[6] R. at 46.

[7] R. at 49.

[8] R. at 50.

[9] R. at 50.

[10] R. at 127. The military judge recommended that the convening authority suspend 6 months of confinement. *Id.*

[11] 12 M.J. 431 (C.M.A. 1982.)

[12] *See* Appellant's Brief.

**A. Appellant's pleas of guilty were not improvident. His assertion that his counsel and trial counsel placed undue pressure upon him during a recess to continue to plead guilty is without merit.**

*1. Standard of Review*

We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea *de novo.*[13] An abuse of discretion occurs when there exists "something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea."[14] Put slightly differently, pursuant to Article 45, UCMJ, a guilty plea shall not be accepted if an accused, after a plea of guilty, sets up a matter inconstant with the plea, or if it appears that he has entered the plea improvidently, or through lack of understanding of its meaning and effect.[15] Thus, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding an appellant's guilty plea. If an accused sets up a matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea.[16] "A guilty plea shall not be accepted if it appears to be improvident."[17]

An affirmative defense to a charged offense would, by definition, constitute a matter inconsistent with a plea of guilty and a military judge must resolve the apparent inconsistency or reject the plea.[18] That said, not every mitigating statement requires further inquiry, and a military judge is not required to reopen a plea and inquire further where an accused raises the mere possibility of a defense.[19] But if a party sets up matter raising a possible defense, then the

---

[13] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

[14] *United States v. Hayes*, 70 M.J. 454, 457 (C.A.A.F. 2012) (quoting *Inabinette*, 66 M.J. at 322).

[15] 10 U.S.C. § 845.

[16] Rules for Courts-Martial 910(h)(2).

[17] Article 45, UCMJ.

[18] *Hayes*, 70 M.J. at 458; *United States v. Mease*, 57 M.J. 686, 690 (N-M. Ct. Crim. App. 2022).

[19] *See United States v. Shaw,* 64 M.J. 460 (C.A.A.F. 2007).

military judge is required to make further inquiry and resolve any apparent ambiguity or inconsistency.[20]

*2. Analysis*

We find no substantial question regarding Appellant's guilty plea to Specification 2. He alleges in his declaration that during the recess, trial counsel and his defense counsel both told him that he should "stick to the script" or else his plea deal would fall apart and he risked over 50 years of confinement.[21] He further states that he felt as if they were working against his interests.[22] He does not raise a coercion issue though. Moreover, we believe that it is reasonable for a defense counsel to inform a client of possible and foreseeable consequences if a military judge were to reject a guilty plea as improvident.

His explanation (after the recess) that by "trash" he meant a trash drawer in his desk does not create an inconsistency with the guilty plea.[23] Further, Appellant does not assert that he is not guilty of Specification 2. Nor does he assert that he acquired the child pornography inadvertently or unintentionally. Rather, he now asserts that although he knew he possessed the child pornography on various devices, he did not know that the files would be downloaded onto his external hard drive from his laptop until it happened.[24]

Appellant does not challenge his providence to Specifications 1, 3, 4, or 5, yet he nonetheless requests that we set aside all the findings and the sentence.[25] Appellant speculates that had the military judge found him to be improvident to Specification 2, "his entire plea deal would have been invalidated."[26] This is possible, and Appellant asserts that this is what trial counsel and his defense counsel told him would happen during the recess if he did not plead providently. Regardless, we need not spend more time on this speculative exercise as we do not set aside his conviction for any of the specifications.

---

[20] *United States v. Phillippe*, 63 M.J. 307, 310-11 (C.A.A.F. 2006); *Shaw*, 64 M.J. at 462 ("The existence of an apparent and complete defense is necessarily inconsistent with a plea of guilty.").

[21] Appellant's Decl. at para. 5.

[22] Appellant's Decl. at para. 6.

[23] We note that in the stipulation of fact, Appellant admitted that he exercised "exclusive dominion and control" of the hard drive. Pros. Ex. 1 at 8.

[24] Appellant's Decl. at para. 5. We do not find this to be credible.

[25] Appellant's Brief at 12.

[26] Appellant's Brief at 12.

**B. Trial Defense Counsel Were Not Ineffective.**

*1. Standard of Review and Applicable Law*

We review ineffective assistance of counsel claims de novo.[27] Under *Strickland v. Washington*, an appellant bears the burden of demonstrating that (a) defense counsel's performance was deficient, and (b) this deficient performance was prejudicial.[28] "When an appellant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial 'would have been different' than the result of the plea bargain."[29] Instead, "the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[30]

The prejudice test for ineffective assistance of counsel in the guilty plea context—whether there is a reasonable probability that, but for counsel's errors, an appellant would have pleaded not guilty—is an objective test that appellate courts review de novo.[31] Further, standing alone, an appellant's posttrial assertions that he would not have pleaded guilty but for his attorney's deficiencies are not enough to establish prejudice. This Court must also look to contemporaneous evidence because an appellant has an incentive to assert that the result of the plea process would have been different.[32]

*2. Analysis*

Appellant claims that trial defense counsel was ineffective because he failed to retain the services of a digital forensics expert.[33] Appellant speculates that a digital forensic expert would have explained to the factfinder "the process by which files can be transferred from one device to another without the

---

[27] *United States v. Suarez*, 86 M.J. 65, 73 (C.A.A.F. 2025) (citing *United States v. Metz*, 84 M.J. 421, 428-29 (C.A.A.F. 2024)).

[28] *Strickland v. Washington*, 466 U.S. 668 (1984).

[29] *Suarez*, 86 M.J. at 73 (quoting *Lee v. United States*, 582 U.S. 357, 364 (2017) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000)).

[30] *Lee*, 582 U.S. at 364-65 (citations omitted).

[31] *See United States v. Furth*, 81 M.J. 114, 117 (C.A.A.F. 2021) (citing *United States v. Murray*, 42 M.J. 174, 178 (C.A.A.F. 1995)).

[32] *Suarez*, 86 M.J. at 73 (citations omitted).

[33] Appellant's Brief at 13.

knowledge or intent of the user of the devices."[34] However, Appellant had already confessed to NCIS, and so the decision – if it was made – not to retain an expert in digital forensics was a tactical decision, and a reasonable one given the significant amount of evidence against Appellant. We do not believe that anything in the record or Appellant's declaration overcomes the presumption that trial defense counsel was competent. Further, we do not believe that there is a reasonable probability that even if counsel had obtained a digital forensics expert, that Appellant would not have pleaded guilty.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[35]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[34] Appellant's Brief at 14. Again, Appellant couches his argument as a way he could have challenged Specification 2.

[35] Articles 59 & 66, UCMJ.